**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**The CITY OF NEW YORK, Defendant-Appellant.**

**No. 279, Docket 23894.**

United States Court of Appeals
Second Circuit.

Argued March 15, 1956.

Decided May 3, 1956.

Perry W. Morton, Asst. Atty. Gen., Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., Roger P. Marquis, Fred W. Smith, Washington, D. C., for plaintiff-appellee.

Peter Campbell Brown, Corporation Counsel, New York City, Harry E. O'Donnell, Benjamin Offner, Meyer

Scheps, Dinah M. Davis, New York City, of counsel, for defendant-appellant.

Before FRANK, LUMBARD and WATERMAN, Circuit Judges.

FRANK, Circuit Judge.

Defendant claims (1) that there was insufficient admissible evidence to prove that warrants had been issued and notice of the sale given; (2) that even if such facts were proved, the court below erred in holding that they established compliance with the statutory requirements for proceedings on distraint by the Government; and (3) that even if compliance with the statutory requirements were established, the deeds conveyed only the title held by the taxpayer on December 17, 1942 and, hence, the property was still subject to the defendant's liens attaching prior to that date.

■ 1. We think the district court did not err in its findings of fact that the warrants of distraint had been issued, that personal notice was given to the taxpayer of the sale pursuant to the warrants, that public notices had been published in the newspapers and posted in the Flushing Post Office and in two other public places, and that a sale of the realty had taken place. These facts were proved by the introduction into evidence of the mutilated warrants, the Records of Seizure and Sale, and the deeds conveying the land. The Records of Seizure and Sale and the deeds (which we think were properly admitted) contain recitations of fact concerning the service of the warrants and the giving of notice. The statute makes these documents evidence of the facts recited therein. Sections 3706(f), 3704 (c) (1), I.R.C.1939.[2] Moreover, this

2. The Government contends that, under Section 3697, I.R.C.1939, the proceedings on distraint are to be conclusively deemed regular because a certificate of sale had been issued. It would appear that that section applies only to distraint proceedings involving personal property and not realty. However, we need not decide that question, since we have held that the issuance of a certificate of sale of personal property, in cases coming under Section 3697 does not preclude a showing that statutory requirements have not been complied with. Margiotta v. District Director of Internal Revenue, 2 Cir., 214 F.2d 518.

documentary evidence was supplemented by oral testimony and the City of New York offered no evidence showing that the facts were different from those recited in the records.

2. We also reject defendant's contention that plaintiff failed to comply with the statutory notice requirements for distraint proceedings. Section 3701 (b), I.R.C.1939, provides that notice of the sale of realty must be posted at the "post office nearest to the estate seized." The notice in this case was posted at the nearest General Post Office, the Flushing Post Office. However, there were two branch offices located nearer to the five parcels of land: Defendant contends that "post office," as used in Section 3701(b), includes these branch offices, and that it was incumbent upon plaintiff to post a notice at the branch office nearest to the land here involved.

■ We think the district court correctly held that the posting of a notice in the nearest General Post Office constituted substantial compliance with the mandatory requirements of Section 3701 (b).[3] Cf. Margiotta v. District Director of Internal Revenue, 2 Cir., 214 F. 2d 518; McAndrews v. Belknap, 6 Cir., 141 F.2d 111. A reasonable man, and hence a reasonable Collector of Internal Revenue, could construe "post office," as used in Section 3701(b), to mean General Post Office. To strike down a sale and the title derived therefrom despite the fact that the Collector reasonably construed the ambiguous language in Section 3701(b) would, we think, defeat, rather than effectuate, the intent of Congress. For we think that the posting of a notice at the nearest General Post Office gives adequate notice to those whom Congress wished to make aware of the forthcoming sale.

■ 3. Finally, we think the district court properly disposed of defendant's argument that the recitations in the deeds determined the Government's ti-

tle. The deeds purported to convey only "the estate, title, right and interest which said Ahles Realty Corporation had on the 17th day of December, 1942, or at any time afterwards * * *" However, Section 3704(c) (2), I.R.C.1939, provides that the deed "shall be considered and operate as a conveyance of all the right, title, and interest the party delinquent had in and to the real estate thus sold at the time the lien of the United States attached thereto." We agree with the district court that this statutory provision, rather than the erroneous recitations in the deeds, must determine the character and extent of the Government's title. Cobb v. United States, 84 U.S.App.D.C. 228, 172 F.2d 277, 279.

Affirmed.

3. We do not now decide whether the posting of a notice at a nearer branch post office would, in the alternative, constitute sufficient compliance with the requirement of Section 3701(b).