**UNITED STATES of America,**
Plaintiff,

v.

Max HERMAN, Mattie Herman, State Tax Commission, Mollie Morell, Best Coat and Apron Mfg. Company, Inc., Webster Factors, Inc., Industrial Bank of Commerce, School District 7 of Nassau County, Town of North Hempstead, Nassau County and Mohar Realty Co., Defendants.

Civ. 19739.

United States District Court
E. D. New York.

July 27, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., E. D. New York, Brooklyn, N. Y., for plaintiff; Myron Beldock, Asst. U. S. Atty., Brooklyn, N. Y., Robert L. Handros, Dept. of Justice, Washington, D. C., of counsel.

Otterbourg, Steindler, Houston & Rosen, New York City, for defendant Mollie Morell; Leonard Margid, New York City, of counsel.

Moe Krivis, Westbury, N. Y., for defendant Mohar Realty Co.

BARTELS, District Judge.

Motion by plaintiff for summary judgment pursuant to Rule 56, Fed.Rules Civ. Proc., 28 U.S.C.A. Although it is alleged in the answering affidavits that factual issues exist herein, it appears to the Court that there is no genuine issue as to any material fact.

This action was commenced by the United States of America (hereinafter sometimes referred to as "the Government") pursuant to Sections 7401 through 7403 of the Internal Revenue Code of 1954, 26 U.S.C.A., and 28 U.S.C.A. § 1340, to obtain personal judgments against defendant-taxpayers Max Herman and Mattie Herman for unpaid balances of their income tax liabilities for the years 1946 and 1947, and to foreclose liens of the Government securing such balances on certain real estate located in Nassau County. The only defendants who appeared and filed answers in the action were Mohar Realty Co. (hereinafter referred to as "Mohar") and Mollie Morell (hereinafter referred to as "Morell"), both of whom allege that the Government's lien is invalid as to them.

For the year 1946 the Commissioner of Internal Revenue (hereinafter referred to as the "Commissioner") made an assessment of income taxes against the defendant-taxpayers in the amount of $56,521.39. The assessment list was originally received by the Collector for the Third District of New York on November 20, 1947 and later transferred to the Collector for the First District of New York on April 29, 1949. Notice of federal tax lien was filed on May 15, 1951 with the County Clerk of Nassau County where the property is located. The amount of the assessment was reduced by payments to a principal balance of $21,570.76, the last of such payments having been made on June 25, 1957. As of January 30, 1960 interest has accrued in the amount of $22,637.40 and is continuing to accrue.

For the year 1947 the Commissioner made an assessment of income taxes against the defendant-taxpayers in the amount of $9,664.58, the assessment list having been received by the Collector on September 15, 1950. The amount of the assessment was reduced by payments to a principal balance of $500. As of January 30, 1960 interest has accrued in the amount of $419.18 and is continuing to accrue. No notice of federal tax lien as to this assessment was filed with the County Clerk of Nassau County; hence

this lien is invalid as against the objecting defendants Mohar and Morell.

On May 11, 1953 defendant-taxpayers signed a Tax Collection Waiver (hereinafter referred to as the "waiver"), agreeing with the Commissioner that the amount of their income taxes for 1946 might be collected on or before December 31, 1957 "by distraint or by a proceeding in court", and on August 2, 1956 a further extension of time for collection through December 31, 1961 was executed. A similar waiver with regard to the taxes assessed for 1947 was executed on May 17, 1956, extending the time for collection of the tax through December 31, 1957, which time was further extended on December 21, 1957 through December 31, 1959. This action was commenced on May 1, 1959.

Morell holds a mortgage on the property involved dated and recorded September 10, 1954, and Mohar is the purchaser of state and local tax liens imposed upon the property for the years 1957· and 1958. Although the notice of federal tax lien was filed *prior* to the acquisition by these defendants of their respective liens, they contend that (i) the lien on its face expired prior to the date that the defendants acquired their respective interests in the property, and that the extension of time to collect taxes does not *ipso facto* constitute an extension of liens against property owned by the taxpayers, (ii) even if such extension does extend the lien, the failure of the Government to file the extension and place defendants on notice invalidates the lien as against these recorded lienors, and (iii) in the event the Government prevails as to (i) and (ii) above, that the Government is guilty of laches in allowing an unreasonable time to elapse before commencing suit, thereby allowing the accrual of interest to wipe out any surplusage that would otherwise accrue to Mohar and Morell.

■ In reply to the first contention it appears from the Internal Revenue Code of 1939, 26 U.S.C.A. (hereinafter referred to as the "1939 Code") that an extension of time to collect taxes constitutes an extension of the lien of those taxes. Section 3670 of the 1939 Code, provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Section 3671, 1939 Code, then provides that "Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time." Section 276(c), 1939 Code, further provides that:

"Where the assessment of any income tax * * * has been made * * * such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

■ With regard to the Internal Revenue Code of 1926, 26 U.S.C.A., it was held that as used in the Code, the words "statutory period" referring to limitations meant not only the fixed period of years set forth in the Code, but also any period agreed upon by the taxpayer and the Government, since the statute provided for extension agreements. Loewer Realty Co. v. Anderson, 2 Cir., 1929, 31 F.2d 268, 269. It thus appears that the duration of the lien is the duration of the tax liability, and the execution of the waivers by the defendant-taxpayers served to extend the lien on the property. This conclusion is supported by. the fact that the purpose of allowing extensions is to enable the taxpayer to seek compromises or agreements to make the neces-

sary payments, and it would be unduly harsh to preclude the Government from asserting a lien against property of the taxpayer at the end of a six-year period when it has allowed a longer period of time to the taxpayer to make installment payments on his obligation (see, United States v. City of New York, D.C.N.Y. 1955, 134 F.Supp. 374, 377–378).

█ Concerning the second argument of the objecting-defendants, once the Government has perfected its assessment by filing the notice of lien it is unnecessary for the Government to file any further notice extending the time of collection in order to preserve its lien during the extended period.

" * * * The parties dealing with the property of the taxpayer against whom a tax lien has been filed are charged with notice of the recorded lien and with notice of the provisions of the statute continuing and extending the same under certain conditions. They are bound to know that if the lien has been discharged in whole or in part, a release must be filed by the collector * * *, and that the time within which collection may be made may be extended by written agreement. Any inquiry directed to the commissioner or the collector will produce advice of the status of the lien. It was the intent of Congress to give notice to third parties by the filing of the lien and to continue that lien in existence until satisfied or until six years and such additional period as might be agreed upon by the taxpayer and the commissioner had expired. Parties dealing with the property must take notice of the existence of such lien and of the possibility of extension beyond the six year period." Equitable Life Assurance Society of United States v. Moore, D.C.Ill.1939, 29 F.Supp. 179, 184.

Mohar contends that a search for tax liens and encumbrances should not reach back further than six years. This is patently unsound because there is no statute of limitations (except in specific cases) which extinguishes liens and encumbrances unless refiled. No authority can be found in the laws of New York and the United States of America which would permit the filing of tax collection waivers in the case at bar. There is no difficulty in ascertaining the existence of the lien as alleged by Mohar because the County Clerk maintains an alphabetical index of all federal tax liens filed with him (McKinney's Consol.Laws, c. 33, N.Y. Lien Law, § 241) and a search of this record under the name of the taxpayer would uncover all such liens asserted against the property. Thus it is not sufficient that a search of the record reveals that the lien, on its face, has elapsed.

█ The answer to the final objection to the foreclosure and sale presents no problem. Laches is no bar since the execution of the waivers extended the statute of limitations for the period specified. Loewer Realty Co. v. Anderson, supra. The real theory behind the complaint is an estoppel against the Government based upon its alleged inequitable action in delaying the foreclosure of its lien. Aside from the fact that "estoppel cannot be used against the Federal Government" (Legerlotz v. Rogers, 1959, 105 U.S.App.D.C. 256, 266 F.2d 457, 459 and cases cited therein), the objecting-defendants are not in a position to assert an estoppel because they were not justified in relying on the Government's failure to foreclose. Their predicament is the result of their own laxity in making an adequate search.

Defendant Morell argues that the Court should make a determination of the rights of the parties prior to ordering any sale on the ground that the sale will be hampered because the successful bidder will not be able to receive a deed free and clear of the claims herein. This objection can be easily obviated by ordering a sale of the property free and clear of all liens and the transfer of said liens to the proceeds of the sale. The Court has such authority (see, Markey v. Langley, 1875, 92 U.S. 142, 23 L.Ed. 701). However, since the priority of the Government's

**102**

lien has been so clearly demonstrated, there is no reason to postpone the determination of that issue.

Therefore, the Court decrees that (i) judgment be entered against the defendant-taxpayers Max Herman and Mattie Herman in the amount of the assessments plus interest; (ii) the lien of the Government for income taxes for the year 1946 together with interest thereon is prior to the liens of the objecting-defendants; (iii) the property is to be sold free and clear of all liens and the liens of the objecting-defendants are to be transferred to the balance, if any, of the proceeds remaining after satisfaction of the Government's prior lien; and (iv) the determination of the respective priorities of the objecting-defendants be postponed until after the said sale, the Court retaining jurisdiction of the cause for that purpose.

Settle order on two (2) days' notice.