UNITED STATES of America,
Plaintiff-Appellee,

v.

Max HERMAN et al., Defendants,

and

Joseph Harris and Sadie Schwartz,
Defendants-Appellants.

No. 50, Docket 27381.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1962.

Decided Dec. 12, 1962.

Ralph A. Muoio, Atty., Dept. of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson and Joseph Kovner, Attys., Dept. of Justice, Washington, D. C., Joseph P. Hoey, U. S. Atty., for the Eastern District of New York, and Philip Silverman, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Albert M. Goldberg, Mineola, N. Y., for defendant-appellant Sadie Schwartz.

Mildred McGinity, Mineola, N. Y., for defendant-appellant Joseph Harris.

Before MEDINA, SMITH and KAUFMAN, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge.

This is an appeal from a summary judgment, without opinion, of the United States District Court for the Eastern District of New York, Matthew T. Abruzzo, District Judge, granting foreclosure of a tax lien of the United States as prior in right to tax liens on real property acquired by appellants by pur-

chase at Nassau County tax sales. The appeal from a final decision of the District Court is properly before us under 28 U.S.C. § 1291. We hold that the federal tax lien had priority over the county and school tax liens and affirm the judgment.

The Commissioner of Internal Revenue made an assessment of income taxes for 1946 and 1947 against Max and Mattie Herman in the amount of $56,521.39. The list was received by the Collector for the Third District of New York November 20, 1947, and transferred to the Collector for the First District of New York April 29, 1949. Notice of federal tax lien was filed on May 15, 1951 with the County Clerk of Nassau County, where the property in question is located. The section and block numbers of the property were not endorsed on the notice of lien when filed. Action to foreclose the Government lien was commenced May 1, 1959, and motion for summary judgment for the plaintiff was granted as to the lien for 1946 taxes on July 27, 1960 (United States v. Herman, 186 F.Supp. 98, E.D.N.Y.). A sale was had pursuant to the judgment of October 28, 1960 on a high bid of $45,500 on January 27, 1961, the amount due on plaintiff's lien at that time being $45,-457.06. A title insurance company refused to insure the title against the local taxes involved and an order was entered cancelling the foreclosure sale. Appellant Sadie Schwartz had purchased a tax lien on the property for unpaid school taxes for the year 1958–59 and for county taxes for the year 1959 on December 7, 1959 for the sum of $2,297.66. Appellant Joseph Harris had purchased a tax lien on the property for unpaid school taxes for the year 1959–60 and for county taxes for the year 1960 on December 5, 1960 for the sum of $2,465.51. Neither Nassau County nor Schwartz nor Harris

were parties to the original foreclosure action. An order was obtained on May 3, 1961 vacating in part the judgment of October 28, 1960, permitting completion of service on Nassau County and permitting service of a supplemental summons and complaint on Schwartz and Harris, who appeared and answered. Thereafter the order granting summary judgment for plaintiff and directing sale free and clear of all claims including local taxes and tax liens was entered October 30, 1961, from which this appeal was taken by Harris and Schwartz.

■ Appellants first insist that the lien of the United States is invalid as to them as it had not been properly filed within the meaning of § 3672, I.R.C. of 1939, which provides that: "Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector.[1] * * *" Appellants are plainly neither mortgagees, pledgees, nor judgment creditors. Presumably they claim to be purchasers. However, their interest was taken from Nassau County, which as lienor is not within the classifications of § 3672. United States v. City of New York, 233 F.2d 307, 308 n. 1 (2 Cir., 1956). Appellants do not show that they rise above their vendor, as might perhaps be the case when one purchases for value from a donee. The Supreme Court has stated that "a purchaser within the meaning of § 3672 usually means one who acquires title for a valuable consideration in the manner of vendor and vendee." United States v. Scovil, 348 U.S. 218, 221, 75 S.Ct. 244, 247, 99 L.Ed. 271 (1955). Appellants do not acquire title, as the term is normally understood, and have no right to possession as a result of their "purchase." See United States v. Mojac Construction Corp., 190 F.Supp. 622, 631 (E.D.N.Y. 1960). The regular yearly sales of the

1. New York Lien Law, section 240, provides for filing of federal tax liens in the office of the clerk of the county in which the real property is located. Subdivision (a) (1) of § 3672 is thus applicable: "(1) Under State or Territorial Laws. In the office in which the filing of such no-
tice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory."

interests in question make it abundantly clear that what is being sold is a lien upon the land and not the land itself. This interest does not make the County a "purchaser", and that is equally true when it passes to the appellants. United States v. City of New York, supra.

■■ In any event, the failure of the United States to place a section and block description on its notice of lien does not invalidate the lien against later-acquired interests. It was filed in the proper office, that of the Nassau County Clerk, and was easily discoverable through a search of the separate alphabetical index of federal tax liens. The state is permitted to designate the place of filing under § 3672(a) (1), and the government complied with this designation, but the state may not add further requirements for validity. See United States v. Union Central Life Ins. Co., 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961). A contrary result would unduly complicate federal tax collection and, in this situation, require a constant policing effort by the Collector to bring the recording up to date so that it would apply to after-acquired property, as it rightfully does under the federal law. See § 3670, I.R.C. of 1939.

■ As the lien is thus valid against the appellants, and it is admittedly prior in time, ordinarily this would be the end of the case. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954) specifically has held that later-arising local tax liens were not to be paid prior to an earlier federal tax lien, despite state law to the contrary. "Priority of these statutory liens is determined by another principle of law, namely, 'the first in time is the first in right.'" Id. at 85, 74 S.Ct. at 370. But appellant directs our attention to Buffalo Savings Bank v. Victory, 11 N.Y.2d 31, 226 N.Y.S.2d 382, 181 N.E.2d 413 (1962), cert. granted 370 U.S. 915, 82 S.Ct. 1554, 8 L.Ed.2d 497. As we understand this decision, it holds that local taxes may by state law (New York Civ. Prac. Act § 1087) be made into "expenses of sale" in a mortgage foreclosure and

thus paid prior to an earlier federal tax lien, which must be satisfied from the surplus after sale. New Britain is said to be distinguishable, as it refers to a direct contest between the United States and the local government while the situation in Buffalo Savings Bank is a confrontation of the mortgagee and a creditor (the United States) of the mortgagor. While intimating no opinion as to the validity of the distinction or the correctness of the decision generally, though we are ordinarily bound to follow state determinations of the nature of property interests (but not state orders of priority), cf. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960), we think that on its own terms it is inapplicable here. The controversy at bar is between the United States and persons standing in the right of the local taxing unit. No mortgage is involved. There is, therefore, no obstacle to the application of the holding of New Britain to the question in the present case.

We find no merit in other miscellaneous contentions made by appellants. The attempt to assimilate local property taxes to maritime liens, where the last in time is the first in right, is based on no more than appellants' desire to have us accept that rule. The rationale of the admiralty doctrine is obviously inapplicable here. Nor will we subject the government to a requirement that it marshall assets in favor of junior lienors, as this would create an extreme burden on collection of the revenue, unauthorized by statute. Finally, the thesis cannot be accepted that the property here reverted to the County for nonpayment of taxes, wiping out all prior encumbrances at that instant. There is no support in New York law for a doctrine which would make all land within the state held on this implied condition subsequent. And if there were, it might well be that this would fall beyond the bounds of permissible state characterization of property interests. See United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1955).

Judgment affirmed.