**Ralph David CROW, Plaintiff-Appellant,**

v.

**WYOMING TIMBER PRODUCTS CO., a Wyoming corporation, Tongue River Logging Co., Mike Tapplin, and Mike Zenchenko, Defendants-Appellees,**

**United States of America, Interpleaded Defendant on Counterclaim-Appellee.**

No. 218–69.

United States Court of Appeals, Tenth Circuit.

April 8, 1970.

---

A. G. McClintock, Cheyenne, Wyo. (McClintock, Mai & Urbigkit, Cheyenne, Wyo., and C. L. Bates, Rawlins, Wyo., on the brief) for plaintiff-appellant.

Henry A. Burgess, Sheridan, Wyo. (Burgess, Kennedy & Davis, Sheridan, Wyo., on the brief) for defendants-appellees.

Before BREITENSTEIN and HOLLOWAY, Circuit Judges, and CHRISTENSEN, District Judge.

BREITENSTEIN, Circuit Judge.

This state-court replevin action was removed to federal court and a motion to remand was denied. The judgment rejected the plaintiff's claim and awarded damages to the defendants on their counterclaims. The plaintiff has appealed.

The Internal Revenue Service levied on, seized, and sold certain timber and applied the proceeds to the outstanding accounts of the taxpayer, R. R. Crow & Company, not a party to this action. In the first public sale, no bid exceeded the minimum bid price, and the timber was declared purchased by the United States. 26 U.S.C. § 6335(e) (1). At a subsequent public sale, the United States sold the timber to defendant-appellee Wyoming Timber Products Company.

Claiming to be the true owner, plaintiff-appellant Ralph David Crow brought the instant action in Wyoming state court against Wyoming Timber and those employed by it to load out the timber. Crow posted the required bond and secured possession of the timber.

The defendants filed general denials, asserted the validity of the tax sale, and counterclaimed for damages. Wyoming Timber included in its answer a "counterclaim for interpleader" of the United States and prayed that any recovery by plaintiff be from the United States under 26 U.S.C. § 7426. The United States and the defendants petitioned for removal to federal court. After trial the court held that the action was one arising under § 7426, that the federal nature of the claim was concealed from the complaint, that plaintiff had no right to the timber, and that the private defendants were entitled to damages on their counterclaims.

 Removability depends on whether the action arises under the Constitution or laws of the United States. 28 U.S.C. §§ 1441 and 1340. The claimed constitutional or statutory right must be an essential element of the plaintiff's cause of action and a genuine and present controversy must exist with reference thereto. Gully v. First National Bank in Meridian, 299 U.S. 109, 112–113, 57 S.Ct. 96, 81 L.Ed. 70. The controversy must be disclosed on the face of the complaint unaided by answer or by petition for removal. Ibid. See also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 672, 70 S.Ct. 876, 94 L.Ed. 1194, and Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584. A plaintiff, absent fraudulent concealment of a federal claim, has the right to choose by the allegations of his complaint the status of his case with respect to removability. See Great Northern Railway Company v. Alexander, 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713, and 1A Moore's Federal Practice 474–475. This status continues throughout the case unless he subsequently injects different

claims into the action. Great Northern, supra, and Urban Renewal Authority v. Daugherty, D.Colo., 271 F.Supp. 729, 732.

■■ No federal question appears on the face of the complaint before us, which simply alleges plaintiff's ownership and entitlement to the timber and defendants' wrongful detention. It presents a state law question because state rather than federal law determines the nature and extent of the taxpayer's interest in property to which a federal tax lien can attach. The federal tax sale conveyed only the right, title, and interest of the taxpayer. 26 U.S.C. § 6339 (a) (2). See also Mansfield v. Excelsior Refining Co., 135 U.S. 326, 339–340, 10 S.Ct. 825, 34 L.Ed. 162, and United States v. City of New York, 2 Cir., 233 F.2d 307, 310. The problem is whether a federal claim was fraudulently concealed. Defendants argue that the relief sought is essentially that afforded by 26 U.S.C. § 7426 and that the plaintiff's failure so to disclose is concealment.

■ Section 7426 permits a suit in federal court for limited and exclusive relief against the United States on a claim that property was wrongfully levied on or sold by the Internal Revenue Service. But plaintiff sued the purchaser at a federal tax sale, not the United States, and nothing in § 7426 purports to cover such an action. A plaintiff does not conceal a federal question when the allegedly relevant federal statute creates no rights against the party whom he is suing.

■ Even were the action possible of denomination as one under § 7426, the removal would be erroneous on another ground. Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction. State of Minnesota v. United States, 305 U.S.

382, 389, 59 S.Ct. 292, 83 L.Ed. 235. Because the waiver of sovereign immunity contained in § 7426 is limited to suits brought in federal court, a state court would not have jurisdiction over an action seeking relief under that section. Ibid at 388, 59 S.Ct. 292. It follows that a federal court would not have removal jurisdiction.

■ Although the United States did not appeal, what we have just said applies equally to its attempt to remove the case. The United States was interpleaded, or more properly impleaded, by Wyoming Timber on the apparent theory that the former would be liable over to the latter by virtue of § 7426. Again, a claim against the United States based on § 7426 could be asserted only in a federal district court. Thus, the state court lacked jurisdiction over any claim against the United States, and the case was not removable by the United States.

■ The argument is made on appeal that removal is proper under 28 U.S.C. § 1442(a) (2). That section permits removal by a defendant who is "[a] property holder whose title is derived from any such officer [officer of the United States or any agency thereof], where such action or prosecution affects the validity of any law of the United States." The action before us does not put in issue the validity of any law of the United States. Instead, the issues are the respective rights, titles, and interests of the plaintiff and the taxpayer to the replevied personal property. The plaintiff does not allege the invalidity of the tax sale. He says that the taxpayer had no interest which the Internal Revenue Service could levy upon, seize, and sell.

The judgment is reversed and the district court is directed to remand the case to the state court.