**WORLD MARKETING, LTD., a corporation, Plaintiff-Appellant,**

v.

**Ronald HALLAM and Does I through X, Defendant-Appellee.**

No. 77–2937.

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1979.

Donald W. Schmidt, Escondido, Cal., for plaintiff-appellant.

Walter J. Cummings, III, San Diego, Cal., for defendant-appellee.

Before SNEED and TANG, Circuit Judges, and PFAELZER *, District Judge.

SNEED, Circuit Judge:

Plaintiff World Marketing Corporation appeals from an order of the United States District Court for the Southern District of California denying remand to the Superior Court of California and dismissing with prejudice a quiet title action against defendant Ronald Hallam. The district court denied remand because it considered 26 U.S.C. § 7426 (1976) as the exclusive remedy for recovery of property wrongfully seized and sold by the United States. Jurisdiction is conferred on this court by 28 U.S.C. § 1291 (1966). We reverse and remand.

## I. FACTS

James W. Philbee transferred ownership of a sailing vessel, the Whirlwind II, to plaintiff World Marketing Corporation (World) in September 1976. On November 2, 1976, the Internal Revenue Service (IRS) seized the vessel for Philbee's non-payment of taxes. Pursuant to 26 U.S.C. § 6335 (1976), the IRS sold the ship to Wayne Terry, who subsequently transferred the vessel to defendant Hallam. World did not accept this state of affairs. Litigation commenced.

The plaintiff filed two suits in federal court prior to this action. The first commenced on February 28, 1977. World brought suit in the United States District Court for the Southern District of California against the United States and Terry, alleging that the Whirlwind II belonged to World at the time of the seizure and sale. After determining that the ship had been sold to Hallam, the court dismissed the action against Terry and transferred World's action against the United States to the United States District Court for the Central District of California.

Thereafter, World brought an action against Hallam in the United States District Court for the Southern District of California alleging Hallam's wrongful possession of the Whirlwind II. The court denied World's motion for a preliminary injunction to prevent Hallam from removing the ship from the jurisdiction, indicating that § 7426 was the exclusive remedy available to World for the wrongful levy and sale.

Finally, we come to the action that is now before us on appeal. In it World brought suit against Hallam in the Superior Court for the County of San Diego of the State of California to quiet title to the vessel. Hallam sought to remove the case to federal court, predicated on diversity of citizenship. His motion for removal was granted. World moved to remand the case to the

* Honorable Mariana R. Pfaelzer, United States District Judge for the Central District of California, sitting by designation.

Superior Court. This was denied and World's action to quiet title was dismissed. From these actions World appeals.

## II. ISSUES AND HOLDINGS

This case presents two issues, *viz.*: (1) whether World is limited to pursuing a claim under § 7426 against the United States for the wrongful levy and sale of the ship, and, if not, (2) whether title to the Whirlwind II as between World and Hallam presents a question of state law. We hold that World is not limited to claims under § 7426 and that its claims against Hallam present a question of state law.

## III. SCOPE OF SECTION 7426(a)(1)

Section 7426(a)(1) provides as follows: If levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or a lien on such property and that such property was wrongfully·levied upon may bring a civil action *against the United States* in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

26 U.S.C. § 7426(a)(1) (1976), (emphasis added).

■ Section 7426 comprehensively delineates the forms of action and relief available to a third party *against the United States* for the wrongful levy and sale of property. The legislative purpose behind § 7426 appears to have been the creation of a remedy against the United States government. S.Rep.No.1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S.Code Cong. & Admin.News, pp. 3722, 3750, 3751. Neither the statute nor the legislative history addresses third party claims against the possessor of the disputed property. We have recognized the narrow focus of § 7426: "The measure was enacted specifically because under then-current law, the United States could not be sued by third persons where its collection activities interfered with their property

rights." *Flores v. United States*, 551 F.2d 1169, 1174 (9th Cir. 1977).

The Tenth Circuit's decision in *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93 (10th Cir. 1970), supports our position that § 7426 does not preclude one with an interest in property seized and sold by the United States from pursuing a claim against a subsequent purchaser in state court. In that case, the plaintiff, claiming to be the true owner of timber levied and sold by the IRS for a third party's failure to pay taxes, filed a replevin action against the purchaser in state court. It was held that the removal of the case to federal court was improper and the replevin action was remanded to the state court.

The court in *Crow* noted the inapplicability of § 7426 to defendants other than the United States and recognized the availability of relief against purchasers of levied property under state law.

No federal question appears on the face of the complaint before us, which simply alleges plaintiff's ownership and entitlement to the timber and defendants' wrongful detention. It presents a state law question because state rather· than federal law determines the nature and extent of the taxpayer's interest in property to which a federal tax lien can attach.

*Id.* at 96.

The impropriety of removal of actions such as this was reflected in the Seventh Circuit's recent decision in *National Bank & Trust Co. of South Bend v. United States*, 589 F.2d 1298 (7th Cir. 1978). The court declined pendant jurisdiction over claims brought by a lienholder bank against five private defendants regarding property levied and sold by the IRS.

We do note that the so-called pendent state claims ran against parties other than the United States the only defendant specified in 26 U.S.C. § 7426. Where that is true, pendent or ancillary jurisdiction cannot be found without further inquiry into the intent of Congress in conferring jurisdiction of the federal claim.

*Id.* at 1305. Although the case before us does not involve pendent jurisdiction, *National Bank & Trust Co. of South Bend* supports the view that claims against the United States pursuant to § 7426 are distinct from claims against individuals, and that both can spring from a seizure and sale of property by the IRS.

This court has also indicated that one with an interest in property wrongfully levied by the United States has a cause of action against a subsequent purchaser. *See Omnibus Financial Corp. v. United States,* 566 F.2d 1097 (9th Cir. 1977). There a corporation and its subsidiary were barred from suing two IRS employees for the wrongful levy and sale of property. We suggested that a suit against the United States pursuant to § 7426 *and* an action against the purchaser of the property were possible alternatives for owners whose property was wrongfully seized and sold. *Id.* at 1102–3.

We recognize that limiting a third party's remedies, with respect to claims arising from a wrongful seizure and sale, to those made available under § 7426 very likely would serve to increase the amount bidders would be willing to bid at sales of seized property. This would benefit the United States; but third parties should not be required to sacrifice their rights to provide such benefit. The fisc does not require them to do so, and a magnanimous sovereign would not ask it of them.

## IV. ROLE OF STATE LAW

It is well established that state law determines a taxpayer's property rights. *See Aquilino v. United States,* 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *Crocker National Bank v. Trical Manufacturing Co.,* 523 F.2d 1037 (9th Cir. 1975); *Babb v. Schmidt,* 496 F.2d 957 (9th Cir. 1974); *Crow v. Wyoming Timber Products Co.,* 424 F.2d 93 (10th Cir. 1970). Thus, title to the Whirlwind II as between World and Hallam presents a question of state law. It follows that dismissal of World's state law claim was improper. Moreover, under the circumstances of this case the district court's failure to remand the case to the proper California state court was error. *Cf. California v. California and Hawaiian Sugar Co.,* 588 F.2d 1270 (9th Cir. 1978), *cert. denied,* 441 U.S. 932, 99 S.Ct. 2052, 60 L.Ed.2d 660 (1979).

We therefore reverse and remand to the district court for action consistent with this opinion.

Reversed and Remanded.