993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Audrey J. GETROST, Plaintiff-Appellant,
v.
UNITED STATES of America; et al., Defendants,
and
Richard Hanson, Trustee, Defendant-Appellee.
 No. 92-55475.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 6, 1993.
 
 MEMORANDUM**
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 Audrey J. Getrost appeals pro se the district court's dismissal for lack of jurisdiction and failure to state a claim of her action against Richard Hanson. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We affirm.
 
 
 2
 Getrost originally filed this action as a wrongful levy/quiet title action against the United States, Hanson, and other individual defendants. She alleged that property which was rightfully hers was seized by the Internal Revenue Service (IRS) to satisfy the tax liability of her husband, Robert Getrost, and sold at a tax sale to Hanson. The district court dismissed the claims against the United States, finding that Getrost's wrongful levy claim was time-barred. The district court then dismissed Getrost's claims against Hanson on the grounds of lack of jurisdiction and failure to state a claim.
 
 
 3
 Getrost appealed the dismissal of her action against the United States, and we affirmed. Getrost v. United States, No. 91-56280, unpublished disposition (9th Cir. Dec. 2, 1992). We held that because Getrost claimed a third-party interest in property seized and sold by the IRS, her exclusive remedy was a wrongful levy action pursuant to 26 U.S.C. § 7426. See id. We further held that her wrongful levy action was time-barred. See id.
 
 
 4
 Getrost now appeals the dismissal of her claims against Hanson. In her second amended complaint, Getrost alleged that Hanson: (1) purchased her property at an invalid tax sale in violation of 26 U.S.C. § 7426, (2) conspired with IRS agents to deprive her of her property, and (3) violated her rights to quiet enjoyment and due process under the California constitution. Getrost contends the district court erred by failing to construe her wrongful levy claim as a quiet title action. This contention lacks merit. As we held in No. 91-56280, a wrongful levy action is Getrost's sole remedy for her claim that the IRS wrongfully seized property in which she claimed an interest. See Winebrenner v. United States, 924 F.2d 851, 854 (9th Cir.1991). Further, a wrongful levy action may only be maintained against the United States. See 26 U.S.C. § 7426; World Mktg., Ltd. v. Hallam, 608 F.2d 392, 394 (9th Cir.1979) (section 7426 relief is available only against the United States but does not preclude state law claims for relief against a third-party purchaser). Accordingly, the district court correctly found that Getrost did not state a claim for relief against Hanson under section 7426. See World Mktg., Ltd., 608 F.2d at 394. Moreover, even if we liberally construe Getrost's complaint to allege a state law claim against Hanson, the district court's dismissal of a pendent state claim was proper because the federal claims had been dismissed. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990) (per curiam).
 
 
 5
 The district court also correctly dismissed Getrost's remaining claims. Getrost's conclusory claims of conspiracy were insufficient to state a claim for relief. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982). Getrost's remaining claim against Hanson arose only under state law and did not provide any independent basis for federal subject matter jurisdiction. Thus, the district court correctly dismissed this pendent state claim. See Cook, Perkiss & Liehe, Inc., 911 F.2d at 247.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3