993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert G. GETROST, Plaintiff-Appellant,
v.
UNITED STATES, Acting Through the INTERNAL REVENUE SERVICE,
et al. Defendant-Appellee,
Audrey J. GETROST, Defendant/cross-claimant-Appellant,
v.
UNITED STATES of America, et al. Defendant/Cross-defendant.
 No. 92-56233.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 21, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert and Audrey Getrost appeal pro se the district court's dismissal of their action against the United States and Richard Hanson for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 * Subject Matter Jurisdiction
 
 
 4
 The existence of subject matter jurisdiction is a question of law reviewed de novo. Kruso v. International Tel. & Tel., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). The district court's factual findings on jurisdictional issues must be accepted unless they are clearly erroneous. Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992).
 
 
 5
 It is well established that the United States is a sovereign entity and may not be sued without its consent. Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). It is equally well established that plaintiff has the burden of showing a waiver of sovereign immunity. Baker v. United States, 817 F.2d 560, 562 (1987), cert. denied, 487 U.S. 1204 (1988). The court must dismiss an action against the United States which the government has not consented to. Id.
 
 
 6
 Here, in December, 1988, the Internal Revenue Service seized real property titled in the name of Alpha Investment Trust Ltd., as the nominee or alter ego of Robert Getrost, to satisfy Robert Getrost's tax liabilities. Robert Getrost filed this action against the United States and Richard Hanson on December 26, 1991.[1] On April 1, 1992, Getrost filed an amended complaint adding his wife, Audrey Getrost, as a defendant. He alleged the United States had violated his Ninth, Tenth, and Fourteenth Amendment rights. Specifically, he sought declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 that he is not a "person" for purposes of taxation under the Internal Revenue Code. He further sought quiet title against defendant Hanson for purchasing the property seized from the Getrosts.
 
 
 7
 On April 7, 1992, Audrey Getrost filed a cross-claim against the United States and Richard Hanson, repeating verbatim the claims made by Robert Getrost. The United States and Richard Hanson moved to dismiss Robert Getrost's amended complaint and Audrey Getrost's cross-claim. The district court granted the defendants' motion on June 29, 1992, dismissing the complaint and cross-claim with prejudice. The Getrosts timely appeal. They contend on appeal that the district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1340 and 1346, 2410. They further contend the district court had jurisdiction under 5 U.S.C. § 702, and the United States Constitution. These claims lack merit.
 
 
 8
 Here, none of the statutes or constitutional amendments invoked by the Getrosts waive the sovereign immunity of the United States. General jurisdiction statutes such as 28 U.S.C. §§ 1331 and 1340 neither confer jurisdiction on the courts where they would not otherwise have it, nor waive sovereign immunity. See Hughes, 953 F.2d at 539 n. 5. Further, although district courts have jurisdiction over civil actions for the recovery of taxes alleged to have been erroneously or illegally assessed or collected pursuant to 28 U.S.C. § 1346, a party bringing a claim under this statute must have paid the taxes in full, see Flora v. United States, 362 U.S. 145, 146 (1960), and filed an administrative claim for a refund with the IRS, see 26 U.S.C. § 7422(a). Here, there is no evidence the Getrosts paid their taxes in full, see Flora, 362 U.S. at 146, and the Getrosts concede they did not file an administrative claim for a refund, see 26 U.S.C. § 7422(a).
 
 
 9
 A taxpayer may contest the procedural validity of a tax lien in an action for quiet title. See 28 U.S.C. § 2410(a). He or she may only do so, however, if at the time the action is commenced, the government still claims a lien or mortgage on the contested property. Hughes, 953 F.2d at 538. The district court correctly concluded it did not have jurisdiction over the Getrosts' action pursuant to section 2410 because the IRS had sold the property at issue by the time this action was commenced and no longer claimed any interest in it. See Hughes, 953 F.2d at 538.
 
 
 10
 The Constitution does not waive the government's immunity. Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985), cert. denied 475 U.S. 1010 (1986). Thus, the district court does not have jurisdiction over the Getrosts' action pursuant to the First, Ninth, or Tenth Amendments. See id.
 
 
 11
 Further, although 5 U.S.C. § 702 waives the government's sovereign immunity in actions against government agencies seeking non-monetary relief, section 702 does not affect other limitations on judicial review or override statutes which expressly or impliedly forbid a party from seeking the relief sought. Hughes, 953 F.2d at 537. The district court is expressly forbidden from granting the relief the Getrosts seek by 26 U.S.C. § 7421 and 28 U.S.C. § 2201, which prohibit courts from granting injunctive and declaratory relief against collection of federal taxes. See Hughes, 953 F.2d at 537.[2]
 
 
 12
 Finally, once a district court has dismissed the federal claims in an action for lack of subject matter jurisdiction, it is within the court's discretion whether to dismiss the pendent state claims as well. Cook, Perkiss & Liehe v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990). It is equally well established that state law governs the determination of a tax payer's property rights. World Mktg., Ltd. v. Hallam, 608 F.2d 392, 395 (9th Cir.1979). Thus, once the district court had dismissed the Getrosts' claims against the United States for lack of subject matter jurisdiction, the only remaining issues were ones of state law. See Hallam, 608 F.2d at 395. It was a matter of the court's discretion whether to dismiss the Getrosts' claims against Hanson, and the court acted properly by dismissing them. See Cook, Perkiss & Liehe, 911 F.2d at 247.
 
 II
 Sanctions on Appeal
 
 13
 The United States and Hanson both seek sanctions against the Getrosts for bringing a frivolous appeal. Federal Courts of Appeals have the authority to impose sanctions on parties bringing frivolous appeals. 28 U.S.C. § 1912; Fed.R.App.P. 38. An appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988).
 
 
 14
 Here, the Getrosts' appeal is frivolous. They raise only tired tax protestor arguments which this court has repeatedly rejected. Accordingly, we impose $1,500 damages as sanctions in favor of the United States and $1,500 damages as sanctions in favor of Hanson. Robert and Audrey Getrost are jointly and severally liable for sanctions. See Wilcox, 848 F.2d at 1009.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This is the fifth action brought by the Getrosts regarding that seizure. Robert Getrost has litigated and lost twice in the district court. See Alpha Investment Co. v. United States, Civ. No. 88-1875-B (S.D.Cal.); Alpha Investment Co. v. United States, Civ. No. 89-0119-E (S.D.Cal.). Audrey Getrost has also litigated and lost in the district court. See Getrost v. United States, Civ. No. 90-0991-B (S.D.Cal.) and Getrost v. United States, Civ. No. 90-0767-B (S.D.Cal.), aff'd No. 91-56280 (unpublished memorandum disposition) (9th cir. Dec. 2, 1992)
 
 
 [2]
 Audrey Getrost's quiet title claim was also properly dismissed because a section 7426 wrongful levy action is the exclusive remedy available for a third party alleging her property has been levied upon or sold by the IRS. See Winebrenner v. United States, 924 F.2d 851, 854 (9th Cir.1991). Moreover, Audrey Getrost previously filed a wrongful levy action under section 7426 in district court Getrost v. United States, Nos. 90-0767-B, 90-0991-B (S.C.Cal. June 1990). The district court dismissed her action for failure to state a claim and because it was time barred, and this court affirmed that dismissal. Getrost v. United States, No. 91-56280 (unpublished memorandum disposition) (9th Cir. Dec. 2, 1992). Thus, Audrey is further barred from bringing another section 7426 action by collateral estoppel and res judicata. Haphey v. Linn County, 924 F.2d 1512, 1515 (9th Cir.1991)