**CITIZENS BANK AND TRUST COM-PANY OF MARYLAND, Plaintiff,**

v.

**UNITED STATES of America et al., Defendants.**

**Civ. No. 71–1334–H.**

United States District Court, D. Maryland.

June 22, 1972.

James L. Thompson, and Miller, Miller & Canby, Rockville, Md., for plaintiff.

Richard F. Mitchell, Tax Div., Dept. of Justice, Washington, D. C., and Michael E. Marr, Asst. U. S. Atty. for the District of Maryland, Baltimore, Md., for defendant United States.

Fenton L. Martin, Roger A. Clapp, and Clapp, Somerville, Black & Hone-mann, Baltimore, Md., for defendant Chrysler Motors Corp.

## MEMORANDUM OPINION

HARVEY, District Judge:

This civil action in three counts involves the conflicting claims of the plaintiff, Citizens Bank and Trust Company of Maryland, and a defendant, the United States, to certain assets of the defendant Wheaton Dodge, Inc. The assets in question are held partly by defendant Chrysler Motors Corporation, by defendants Kerxton and Schwartz, escrow agents, and by the government. Wheaton Dodge, which will be referred to herein as the taxpayer, owed money to the bank in payment of loans and to the government for taxes.

The government filed tax liens and levied on (1) the proceeds of the sale of taxpayer's assets held by the escrow agents, (2) a dealer's account held by Chrysler, and (3) funds deposited in plaintiff's bank. Plaintiff here asserts a superior security interest in all of these funds to secure an unpaid balance due from taxpayer, in the amount of some $70,000.

The complaint is divided into three counts with various theories of relief asserted under each. Count I concerns some $69,000, representing the proceeds of the sale of taxpayer's business assets now being held by the escrow agents. The government is not here contesting the right of the plaintiff to litigate in this Court the dispute as to this fund between the government and plaintiff. Count II concerns some $16,000 belonging to the taxpayer, held by Chrysler. Plaintiff claims that the government wrongfully levied on this property and that the plaintiff has a right to recover this sum under 26 United States Code § 7426. The Court is further asked to quiet title to this fund under 28 United States Code § 2410 and also to declare plaintiff's rights in the fund. Count III concerns some $24,000 belonging to taxpayer which was in an account at plaintiff's bank before being paid out to the

government in response to a notice of levy. Plaintiff again asserts a wrongful levy, the right to have title quieted in its favor and a claim under Maryland law for a fraudulent conveyance.

Defendant Chrysler has answered Count II and has counterclaimed for interpleader. Wheaton Dodge and the escrow agents have also answered the complaint. Defendant United States has moved to dismiss Counts II and III, and it is such motion which is now before the Court for decision. The basic question under each count is whether sovereign immunity prevents the government from being sued on the claim asserted in such count.

Count II alleges that plaintiff had a perfected security interest in certain funds belonging to the taxpayer which are held by Chrysler; that the taxpayer defaulted on its loan and owes plaintiff a balance of some $70,000; that during 1971 the government filed a series of tax liens against taxpayer; and that on April 19, 1971, the government levied on the funds held by Chrysler. From the pleadings, it appears that Chrysler still holds the funds in question.

■ Without going into all the plaintiff's claimed statutory bases for suit and the government's objections thereto, this Court concludes as to Count II that the most reasonable way to determine the relative interests of the parties to the fund in question is to allow Chrysler to interplead the two claimants. The effect of such a ruling is to permit the plaintiff to proceed under Count II against the government.

A counterclaim for interpleader where the defendant is or may be exposed to double liability is allowed by Rule 22, Federal Rules of Civil Procedure. The plaintiff here has no objection to the interpleader, and the government in its answer to Chrysler's counterclaim has apparently joined in seeking it. Moreover, 28 United States Code § 2410(a) (5) specifically provides that the United States may be named a party in any civil action or suit in any district court

having jurisdiction of the subject matter, if the suit is in the nature of interpleader with respect to property against which the United States has or claims a lien. Through the interpleader, whatever rights plaintiff may have can be vindicated as fully as if it proceeded under the statutory remedies alleged in its complaint. Indeed, another remedy under § 2410 is one that plaintiff sought, namely, the claimed alternative of quieting title. In view of this Court's conclusion that Count II may proceed as an interpleader action, it is not necessary to consider the points raised by the government and by the plaintiff as to plaintiff's other theories of relief.

The government's objections are not so easily answered as to Count III, which involves funds of the taxpayer which are now in the government's hands. Count III alleges that plaintiff entered into a floor-plan financing agreement with taxpayer, an auto dealer. Plaintiff perfected a security interest in taxpayer's assets generally and also in specific vehicles which allegedly were also covered by trust receipts. On the sale of those vehicles, some $24,000 was deposited in taxpayer's checking account with plaintiff bank. Plaintiff claims that it had a security interest in these proceeds as well as an equitable interest under the trust receipts. Taxpayer failed to pay plaintiff the $24,000 received from the sale of the vehicles, and this debt coupled with other alleged defaults resulted in the total alleged debt of some $70,000 owed to plaintiff.

The government filed its liens in 1971 and levied on the checking account twice. On the first levy the taxpayer withdrew some $30,000 and on the second, some $17,000, both of which sums it surrendered to the United States in alleged violation of plaintiff's security interest.

■ The government claims here that its sovereign immunity bars any claim asserted against it by the plaintiff under Count III. In reply, the plaintiff relies *inter alia* on Title 26, United

States Code, § 7426(a) (1), which provides in pertinent part as follows:

"*Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property *and that such property was wrongfully levied upon* may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate." (Emphasis added)

The government claims that this statute does not apply here because a levy is "wrongful" only when the taxpayer did not "own" the property levied on. The plaintiff disputes that interpretation, claiming that under the facts here alleged, the levy is wrongful as to its security interest. Additionally, plaintiff claims that the property levied on did not "belong to" the taxpayer in view of the outstanding trust receipts.

It is not necessary to analyze the facts here in terms of technical title considerations that apply to trust receipts. This Court concludes that the facts alleged in Count III do amount to a wrongful levy under § 7426 and that therefore plaintiff can maintain this suit under that statute.

In essence, the plaintiff alleges under Count III (1) that the property in question was the taxpayer's, (2) that plaintiff possessed a lien on the property superior to that of the government, and (3) that such lien was extinguished by the government's subsequent levy. In this Court's opinion, such facts would constitute a wrongful levy under the statute and would permit the aggrieved party to apply to a court for relief under § 7426. Were the statute to be otherwise construed, the plaintiff would be without recourse, and the government could with impunity wipe out superior liens of innocent third parties by levy procedures. I cannot believe that Congress intended this remedial statute to have the narrow meaning ascribed to it by the government, insofar as the word "wrongful" is concerned.

In support of this conclusion, I would cite St. Paul National Bank v. United States, 320 F.Supp. 1066 (S.D.Iowa 1970). The Court there said that § 7426 was applicable to the suit of a plaintiff bank claiming a security interest in the taxpayer's property seized by the United States. See also Rabinof v. United States, 329 F.Supp. 830, 843 (S.D.N.Y. 1971), where the Court found jurisdiction over the parties under § 7426 in a suit by a violinist to enjoin the government's levy on a rare violin which had been loaned to the violinist by the taxpayer. Though the Court ultimately concluded that the taxpayer owned the violin, it did not question its jurisdiction under § 7426.

Finally, I would rely on an article in the Yale Law Journal, by William T. Plumb, Jr., a member of the ABA Special Committee on Federal Liens. This Article is entitled "Federal Liens and Priorities—Agenda for the Next Decade," and the installment I am citing is Installment Number 3, which is found at Volume 77, page 1104. At page 1166 the author said this:

"The remedies which the Federal Tax Lien Act of 1966 provided for third parties are available to senior lienors as well as to owners of the property levied upon. [Citing § 7426(a) in a footnote.] Therefore, if the tax collector levies upon accounts receivable or other debts on which a creditor of the taxpayer holds a prior lien or security interest, the creditor can recover from the Government any amounts wrongfully collected."

The only case relied upon by the government which is to the contrary is Whittaker Corp. v. United States, 27 A. F.T.R.2d 71–342. That was an oral opinion of the Court sitting in the Eastern District of Michigan in 1970. The

facts there were somewhat different in that the plaintiff was seeking an injunction against the government. In reaching its conclusion that a plaintiff could not base its injunction suit against the government on § 7426 under facts that were otherwise similar to those here, the Court relied on certain legislative history pertaining to the 1966 Federal Tax Lien Act. In particular, the Court quoted from the House Report, at page 71–344, as follows:

" 'Wrongful' as used here refers to a proceeding against property which is not the taxpayer's."

And a little further along, also from the Report:

"Any relief under this provision is conditioned on a finding that the property levied on did not belong to the taxpayer."

But that comment does not necessarily support the decision. The property here does not "belong" to the taxpayer in the sense that the taxpayer had a 100 per cent interest in the property. Here it is alleged that plaintiff has a security interest in the property, a substantial right which must be considered when one is determining ownership of the property. I am not satisfied that the brief comment in question, which was not discussed or analyzed by the Court, supports the government's construction of the statute urged here.

Other cases cited by the government are distinguishable. Jules Hairstylists of Maryland v. United States, 268 F. Supp. 511 (D.Md.1967), is quite dissimilar. In fact, there was no tax levy at all there. In Baime v. United States, 27 A.F.T.R.2d 71–344 (C.D.Cal.1970), suit was brought by the taxpayer and thus the claim was clearly not within § 7426. The same is true in Sylk v. United States, 331 F.Supp. 661 (E.D.Pa.1971), where the plaintiff was also the taxpayer.

So for these reasons, I find that Count III likewise states a proper claim. I am not deciding whether all of the theories advanced by plaintiff under Count III are valid. That can be determined at a later time in the case, certainly at the pre-trial conference. I am merely deciding that plaintiff is not barred from suing under Count III by the doctrine of sovereign immunity and that the government should file an answer.

The motion is accordingly denied.