The **WALLINGFORD STEEL COMPANY**

v.

**WIRE AND METAL SPECIALTIES CORPORATION.**

*Civ. A. No. 61–72.*

United States District Court,
W. D. Pennsylvania.

Sept. 15, 1972.

Alan Bruce Bowden, Pittsburgh, Pa., for plaintiff.

Thomas Daley, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER GRANTING MOTION TO DISMISS

KNOX, District Judge.

This case was removed to this court by the Government from the Court of Common Pleas of Warren County, Pennsylvania, pursuant to 28 U.S.C. § 1442(a)(1). The action originated as a suit by plaintiff Wallingford against defendant Wire and Metal Specialties Corporation to recover for certain materials furnished by plaintiff to defendant. The materials it is alleged consisted of coils of stainless steel strip which were made by the defendant Wire and Metal into metal clips for cartridges for M–16 rifles for the Department of the Army.

Wallingford claimed a balance due from Wire & Metal and on May 31, 1972, judgment was entered in the Warren County Court in favor of the plaintiff and against the defendant. This judgment included the following amounts:

| | |
|---|---|
| Debt | $4,925.64 |
| Interest | 98.51 |
| Costs | 44.50 |
| Total | $5,068.65 |

Upon this judgment a writ of attachment execution was issued naming as garnishees the United States of America and Stanley Resor, Secretary of the Army, to attach monies allegedly due on the original contract between the Government and Wire and Metal for manufacture of the cartridge clips above mentioned. This was served by the Sheriff of Allegheny County on July 19, 1972. The Government then very properly removed the proceeding to this court and has now moved to dismiss claiming immunity from suit. We determine that the Government's position is correct and that in addition the Warren County Common Pleas Court never had jurisdiction to issue this writ and therefore this case must be dismissed in this court for the additional reason of lack of jurisdiction.

■ It is elementary that the United States Government as sovereign is immune from suit except to the extent that it has consented to be sued. United States v. Sherwood, 312 U.S. 584, 61 S. Ct. 767, 85 L.Ed. 1058 (1941); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962). In United States v. Sherwood, supra, the court said:

"The United States, as sovereign, is immune from suit (citing cases) and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. (citing cases including Minnesota v. United States, supra). Jurisdiction to entertain suits against the United States to recover damages for breach of contract and certain other specified classes of claims was conferred on the Court of Claims by Act of February 24, 1855, 10 Stat. 612. With additions not now material, the jurisdiction was continued by paragraph First of the Tucker Act of March 3, 1887, 24 Stat. 505, which, as supplemented and re-enacted, is now § 145 of the Judicial Code, 28 U.S.C. § 250, 28 U.S.C.A. §

250. Section 2 which, as supplemented and re-enacted, is now § 24(20) of the Judicial Code, 28 U.S.C. § 41(20), 28 U.S.C.A. § 41(20), confers jurisdiction on the district courts "Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded . . . upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admirality, if the United States were suable . . . ."

The Sherwood court went on to hold that except as express consent has been given there is no jurisdiction in the Court of Claims any more than in any other court to entertain suits against the United States. It was further held that the Court of Claims under 28 U.S. C. § 1491 only has jurisdiction to render judgment upon claims against the United States "founded . . . upon any express or implied contract with the United States". It has no jurisdiction to render judgment in suits brought by third parties not parties to a contract with the Government. Concurrent jurisdiction of claims not exceeding $10,000 based upon contracts expressed or implied with the U. S. is conferred upon United States District Courts by 28 U. S.C. § 1346. It will be noted that the claim in question here is for less than $10,000.

■ The difficulty with plaintiff's position is that under the foregoing rulings of the United States Supreme Court, the Court of Common Pleas had no jurisdiction to entertain a suit against the United States or to issue process against it or any of its officials in what is in reality a suit against the Government.[1] It is elementary that in a removed case, a federal court is without

---

1. No criticism is here intended of the Warren County Court itself. Under Pennsylvania law, writs such as this are issued as a matter of course by the Prothonotary upon precipe of an attorney.

jurisdiction of a suit removed to it from a state court which itself lacked jurisdiction of the subject matter or of the parties even though the federal court might have had jurisdiction had the suit been brought there originally. The fact that the United States Attorney petitions for removal does not amount to an admission of jurisdiction or operate to confer jurisdiction upon the state court. Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235; Western Smelting and Refining Co. v. Pa. Rr. Co., 81 F.Supp. 494, (D.C.Neb. 1948); Herter v. Helmsley-Spear, Inc., 149 F.Supp. 713 (S.D.N.Y.1957).

■ Regardless of this, it would appear that even if suit had been brought originally in this court, we would have no jurisdiction. As was pointed out in United States v. Sherwood, supra, the concurrent jurisdiction of the District Court as conferred under the Tucker Act (28 U.S.C. § 1346) is no greater than the jurisdiction given the Court of Claims. It has been determined that the Court of Claims has no jurisdiction of a suit brought by anyone other than a person who has a contract with the Government. See United States v. Sherwood, supra. In Warren Bros. Roads Co. v. United States, 105 F.Supp. 826, 123 Ct. Cl. 48 (1952) it was held that a subcontractor has no right of action against the United States in the Court of Claims, and that such rights of actions extend only to the prime contractor although a prime contractor may be entitled in his own suit to present claims of his subcontractor. See United States v. Blair, 321 U.S. 730, 64 S.Ct. 820, 88 L. Ed. 1039 (1944) and see also Southern Construction Co. v. United States, 364 F.2d 439, 176 Ct.Cl. 1339 (1966).

In addition to the above, see Buchanan v. Alexander, 45 U.S. (4 How. 20) 11 L.Ed. 857 (1846) holding that funds of the Government could not be reached in a suit by private individuals. In Clarise Sportswear Co. Inc. v. U. & W. Mfg. Co., 223 F.Supp. 961 (E.D.Pa.1963) it was held that a Government agency could not be named as garnishee in a writ of foreign attachment issued by a state court which suit was removed to the district court. The district court dismissed the suit and dissolved the attachment.

■ Plaintiff claims that its situation is aided by 40 U.S.C. § 308 and § 309 relative to releasing property attached under the laws of any state. This Statute provides that the Attorney General "in his discretion" may direct a stipulation be entered into for discharge of the property. Section 308 concludes, however, as follows:

"Nothing herein contained shall, however, be considered as recognizing or conceding any right to enforce by seizure, arrest, attachment, or any judicial process, any claim against any property of the United States, or against any property held, owned, or employed by the United States, or by any department thereof, for any public use, or as waiving any objection to any proceeding instituted to enforce any such claim."

It will be noted in this case that no stipulation has been entered into by the Attorney General and under Arnold v. United States, 331 F.Supp. 42 and other cases cited above there can be little doubt that what is sought to be attached here is public money still in the hands of the United States Treasury which is not subject to such seizure.

For these reasons, an appropriate order dismissing the case and dissolving the writ of attachment execution will be entered.