**WESTERN PENNSYLVANIA NATIONAL BANK**

**v.**

**UNITED STATES of America and Internal Revenue Service.**

**Civ. A. No. 72–796.**

United States District Court,
W. D. Pennsylvania.

Feb. 9, 1973.

**374**

Thomas J. Shannon, Pittsburgh, Pa., for plaintiff.

Thomas Daley, Pittsburgh, Pa., for defendant.

## OPINION

KNOX, District Judge.

Plaintiff has brought suit against the United States and the Internal Revenue Service by a complaint entitled "Civil Action In the Nature of a Garnishment". Paragraph 4 of the complaint states that it is "in the nature of a writ of garnishment . . . to attach the surplus proceeds of levies, attachments and monies obtained in a pending interpleader suit filed by Coventry Care, which sums are owing to Contemporary Institute, Inc. and one or more of its wholly-owned subsidiaries. The attachment is to apply to all proceeds and money which comes in the possession of the United States of America or the Internal Revenue Service up to the time of final judgment in this action even though no surplus proceeds of Contemporary Institute, Inc. or any of its wholly-owned subsidiaries was in the possession of the United States of America or the Internal Revenue Service at the time of service of this complaint".

The complaint goes on to recite that Contemporary Institute, Inc. (the taxpayer against which Internal Revenue Service has levied) was indebted to the bank on certain notes which were defaulted and upon which judgment was entered apparently in the Court of Common Pleas of Allegheny County, Pennsylvania. The complaint further recites that Internal Revenue Service has made levies on certain funds owing by Coventry Care to the taxpayer and also recites that Internal Revenue Service has a number of levies on the funds of the taxpayer and subsidiaries throughout the United States.

The interpleader suit referred to is an action pending in this court at Civil Action No. 72–762 wherein the corporation known as Coventry Care, Inc. has deposited in the registry of this court the sum of $57,750.00 in which the United States and others including the bank plaintiff herein have been interpleaded to determine their respective claims to the fund.

The government has now moved to dismiss this action brought by the bank in 72–796 for the reason that the court does not have jurisdiction over the subject matter. The government also at argument and in its brief has raised the question of the applicability of the statute of limitations alleged to apply to claims of this kind in 26 U.S.C. § 6532 (c).

The complaint as filed states that jurisdiction is based on 28 U.S.C. § 1346 and 26 U.S.C. § 7426. 28 U.S.C. § 1346 is merely the section of the judicial code which gives the district courts original jurisdiction concurrent with the court of claims of various types of actions against the United States including actions for recovery of any Internal Revenue tax alleged to have been erroneously or illegally assessed or collected or any sum alleged to have been excessive or in any manner wrongfully collected under the Internal Revenue laws.

■ We start with the basic proposition that the United States as sovereign is not subject to suit except in cases where it has expressly consented to be sued. See United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941); Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); Minnesota v. United States, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1938). The Internal Revenue Service of course not being a separate entity but a branch of the United States is of course not sub-

ject to suit as such. The ultimate question is whether this suit lies against the United States.

In Wallingford Steel Co. v. Wire & Metal Specialties Corp., 347 F.Supp. 1310 (W.D.Pa.1972), this court held that the United States was not subject to a writ of attachment execution naming as garnishees the United States and the Secretary of the Army to attach monies originally due on an original contract between the government and defendant Wire and Metal under which prime contract the plaintiff was a subcontractor even though the amount involved was less than $10,000 as specified in 28 U.S.C. § 1346. It was held that only a person holding a contract with the United States could sue under 28 U.S.C. § 1346 and that the concurrent jurisdiction of the District Court on claims less than $10,000 was no greater than the jurisdiction given the Court of Claims and it was clear that a subcontractor could not sue since the United States had not consented to be sued except by a prime contractor.

The only statute pointed out by the plaintiff as a basis for this suit is 26 U.S.C. § 7426(a).[1] This section is a part of the new Federal Tax Lien Act of 1966, Public Law 89–719, Act of November 2, 1966. The Senate report with respect to the enactment of this legislation is set forth in full at 1966 U.S.Code Congressional & Administrative News, Vol. 3, page 3722 et seq. This being a new

statute, there is very little authority for the court to rely on in determining its meaning and its application to a specific set of facts such as we have here. The second paragraph of the general statement of the Senate Report states "The Federal Tax Lien bill of 1966 represents the first comprehensive revision and modernization of the provisions of the internal revenue laws concerned with the relationship of Federal tax liens to the interests of other creditors".

A close examination of Section 7426 (a)(1) entitled "Wrongful Levies" shows that for it to apply there must be (1) a levy or (2) a sale and that a claim must be made by (3) one *"who claims an interest in or lien on such property"* and (4) *that such property was wrongfully levied upon.* In such case, an action lies against the United States in a district court. Here we have no allegation of a wrongful levy. Under subsection (2), we find that it applies only where the property has been sold pursuant to a levy (there is no allegation in this case that the property has been sold) and that a person other than the taxpayer who claims an interest in or a lien against the property junior to that of the United States and legally entitled to the surplus proceeds of the sale may bring a suit against the United States. Subsection (3) obviously has no application to this case since it applies only where property has been sold by agreement in which case a party claiming the

---

1. "Civil Actions by persons other than taxpayers

(a) Actions permitted—

(1) Wrongful levy—*If a levy has been made on property* or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an *interest in or lien on such property and that such property was wrongfully levied upon* may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.

(2) Surplus proceeds—If property has been sold pursuant to a levy, any person

(other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property junior to that of the United States and to be legally entitled to the surplus proceeds of such sale may bring a civil action against the United States in a district court of the United States.

(3) Substituted sale proceeds—If property has been sold pursuant to an agreement described in Section 6325(b)(3) (relating to substitution of proceeds of sale), any person who claims to be legally entitled to all or any part of the amount held as a fund pursuant to such agreement may bring a civil action against the United States in a district court of the United States."

amount realized may bring suit against the United States. There is no allegation in this case of any agreement whereby the property was sold.

As stated, there is a paucity of authority construing this section. In Crow v. Wyoming Timber Products Co., 424 F.2d 93 (10th Cir. 1970), it was stated that for this section to apply there must be a *wrongful* levy or sale. This was dictum but nevertheless appears a correct statement of the law. It will be noted in the complaint in the instant case there is no allegation whatsoever that there has been any wrongful levy upon or wrongful sale of the assets of the taxpayer in Contemporary Institute, Inc.

The only case which has fully discussed problems similar to those which we have here is Whittaker Corp. v. U. S., 71–1 U.S. Tax Cases No. 9123 (E.D. Mich.1970). This case apparently did not involve a written opinion reported elsewhere but nevertheless we agree with what was stated with respect to 26 U.S.C. § 7426(a) by Judge Gubow. We will therefore quote at length from it.

"The government argues that under the provisions of Title 26, Section 7426(a)(1), in order for the plaintiff to maintain this action, plaintiff must show an interest in the property and a wrongful levy; and that there could not have been a wrongful levy here because this was the taxpayer's, Waldon Manufacturing Company's, property. A wrongful levy, the Government contends, can only occur where the property concerned is not the taxpayer's. *The Government then argues that since the property is the taxpayer's and therefore the levy was not wrongful, the Court does not have jurisdiction.* The Government concludes from this that the motion for a preliminary injunction should be dismissed on the grounds that the court does not have jurisdiction.

(Consideration of Jurisdiction)

"The court must therefore determine initially whether it has jurisdiction before it can decide any subsequent rights of the plaintiff to an injunction. The section involved in the litigation, Section 7426, is relatively new and therefore there is a dirth (sic) of case authority or interpretation as to its meaning and scope. The court, though, has carefully reviewed the legislative intent of the congress in enacting Section 7426 of the Internal Revenue Service Code and concludes that what Congress intended by this section was to cover a situation in which *a third party's property is levied upon to satisfy a tax lien against the taxpayer.* The House and Senate Reports make this position clear and I quote:

'Present law is quite limited in the extent to which it takes into account the rights of third parties in the procedures set out in the tax laws for the collection of taxes from a taxpayer. Under present law, for example, the United States cannot be sued by third persons where its collection activities interfere with their property rights. This includes cases where the Government wrongfully levies on one person's property in attempting to collect from a taxpayer.'

"And then skipping, the Reports go on to say and I quote again:

" . . . The bill makes provisions for three types of actions, all of which may be brought only in Federal District Courts. *First, where a person claims the Government wrongfully levied* upon his property to satisfy the tax liability of another, the bill provides that he may bring suit against the Government. "Wrongful" as used here refers to a proceedings (sic) against property which is not the taxpayer's.'

"Under the discussion of forms of relief, the House and Senate Reports discuss when an injunction would be proper and state in part, and again I quote:

'Any relief under this provision is conditioned on a finding that the

*property levied on did not belong to the taxpayer.'*

"Such language indicates to the court that the Congress did not intend to confer jurisdiction on a Federal District Court to grant injunctive relief when the plaintiff is claiming a security interest in the taxpayer's property but only where the property in question belongs to a third party. The Reports seem to make clear that a levy can only be wrongful if it is on property which is not the taxpayer's."

The Whittaker court quoted only a portion of the Senate Report with respect to 7426(a). The entire portion of the Senate Report bearing on this subject is even more illuminating and is set forth in Appendix I attached hereto. (See U.S.Code Congressional & Administrative News 1966, page 3751).

■ Again, returning to the facts in the case at bar, it will be noted (1) that there is no claim that the property in question was wrongfully levied upon (2) there is no allegation that the property has been sold and (3) there is no claim that the plaintiff bank claimed an interest in or lien upon such property. According to the allegations of the complaint, the bank is a mere general judgment creditor of Contemporary Institute. Under Pennsylvania Law, a judgment is a lien upon any interest in *real estate* of the judgment debtor located in the county in which the judgment is entered. See Pennsylvania Judgment Lien Law, 12 P.S. §§ 877, 878.

There is no allegation that the judgment here was a lien upon any real estate of Contemporary Institute Inc., the taxpayer, which has been levied upon or sold by the government giving rise to any surplus proceeds in the hands of the government. Other than this, a Pennsylvania judgment such as this constitutes no charge upon the personal property tangible or intangible of the judgment debtor until an execution has been issued, and in the case of intangibles served upon the garnishee. See Penn-

sylvania Rules of Civil Procedure 3111, 12 P.S. Appendix.

There is an allegation in Civil Action 72–762, the interpleader action, that the bank had issued and served an attachment execution in state court attaching funds owing by Coventry Care to Contemporary Institute, Inc. This might give it an interest in *these* funds but not on all funds and properties of Contemporary Institute, Inc. wherever located, whether levied upon by the government or not. What the bank is attempting to do here is substantially the same thing which the creditor of the judgment debtor attempted to do in the Wallingford case, supra, i. e., issue an attachment execution against the United States to attach possible funds in the hands of the United States due or which might become due to the judgment debtor. This cannot be done in the absence of a specific statute authorizing it and, as we have pointed out, no statute does authorize such procedure. 26 U.S.C. § 7426 cannot be used as justification.

■ If the bank has any legal claims against the fund paid into court in the interpleader (if there is a surplus after paying what may be determined to be the claims of the United States) the bank is privileged to establish its claims resulting from the issuance of the attachment execution in those proceedings and its rights will be fully protected, but it cannot use 26 U.S.C. § 7426 for the purpose in the absence of a wrongful lien or sale of property of the taxpayer in which the bank has an interest or lien. There is no allegation here of such sale whereby the bank might claim surplus proceeds by virtue of some interest or lien it might have on the property sold.

We therefore conclude that this court has no jurisdiction of this action under 26 U.S.C. § 7426 or any other statute which has been cited to us and the action must be dismissed.

■ This conclusion makes it unnecessary to consider the government's

claim that the action is barred by the statute of limitations contained in 26 U.S.C. § 6532(c) providing that suits or proceedings under § 7426 must be commenced within 9 months from the date of the levy or agreement. The statute of limitations is an affirmative defense which must be pleaded under Rule 8(c) of the Federal Rules of Civil Procedures. We cannot consider it on a motion to dismiss particularly where, as here, insufficient facts appear in the record to make any determination with respect to this matter.

Nothing herein contained shall be considered an adjudication of the bank's rights in the funds involved in the interpleader action.

An appropriate order will be entered.