**ALABAMA EXCHANGE BANK, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 74–3–E.**

United States District Court,
M. D. Alabama, E. D.

April 12, 1974.

William M. Russell, Jr., Russell, Raymon & Russell, Tuskegee, Ala., for plaintiff.

Ira DeMent, U. S. Atty., and Kenneth E. Vines, Asst. U. S. Atty., Montgomery, Ala., for defendant.

## MEMORANDUM OPINION

VARNER, District Judge.

This cause is submitted on the Defendant's motion to dismiss a suit by the Plaintiff seeking to secure its lien on property of a taxpayer seized and sold by the Government for payment of taxes. The Plaintiff's lien was allegedly perfected prior to the lien of the Government for its taxes. Jurisdiction is claimed pursuant to 26 U.S.C. § 7426, in pertinent part, as follows:

> "If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom * * * the tax * * * levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action * * * ", and "the district court shall have jurisdiction to grant * * * a judgment for an amount not exceeding the amount received by the United States from the sale of such property."

The Government insists upon the defense of official immunity, alleging that the statute does not apply here because, allegedly, a levy is "wrongful" only when the taxpayer did not "own" the property levied on. The Government relies primarily on the following cases: Whittaker Corp. v. United States, 71–1 U.S.T.C. No. 9123 (E.D.Mich., 1970); Western Pa. Nat'l. Bank v. United States, D.C., 354 F.Supp. 373 (1973); Farmers-Peoples Bank v. United States, 72–1, U.S.T.C. No. 84,107 (W.D.Tenn., 1972), reversed on other grounds 477 F.2d 752 (CA 5, 1973). The Plaintiff insists that, the Government having levied on its property, the levy is wrongful, at least as to its prior security interest. Plaintiff also says that, as to its security interest, the property did not belong to the taxpayer. The Plaintiff relies for establishment of its right to pursue its prior lien against the Government on the law set out in the following cases: Citizens Bank & Trust Co. of Md. v. United States, D.C., 344 F.Supp. 866; St. Paul Nat'l. Bank v. United States, D.C., 320 F.Supp. 1066; Rabinof v. United States, D.C., 329 F.Supp. 830.

The Government contends that under Western Pa. Nat'l. Bank v. United States, supra, and Whittaker Corp. v. United States, supra (E.D.Mich., 1970), no relief may be granted if the claimant claims a security interest in a taxpayer's property which has been levied on for taxes, as distinguished from his claiming a security interest in the property of a third party which has been levied on to pay a taxpayer's taxes. The *Western Bank* case, following the reasoning of the *Whittaker Corporation* case, concluded that:

> What Congress intended by this section was to cover a situation in which a third party's property is levied upon to satisfy a tax lien against the taxpayer and that there cannot be a

"wrongful" levy and, therefore, there can be no jurisdiction if the property seized to satisfy the tax lien is the property of the taxpayer as distinguished from that of a third party.

The courts stress the use of the term "wrongful levy" and quote from the House and Senate reports of the deliberations at the time the bill was passed, as follows:

" 'Wrongful' as used here refers to a proceedings (sic) against property which is not the taxpayer's" and "Any relief under this provision is conditioned on a finding that the property levied on did not belong to the taxpayer."

The courts then say the following:

"Such language indicates to the Court that the Congress did not intend to confer jurisdiction on a federal district court to grant injunctive relief when the plaintiff is claiming a security instrument in the taxpayer's property but only where the property in question belongs to a third party. The reports seem to make clear that a levy can only be wrongful if it is on property which is not the taxpayer's."

The statute, however, does not define or limit the term "wrongful levy", and it does not explicitly or implicitly limit the benefits of the statute except that the taxpayer himself may not bring the action.

■ The evils of the Government's proposed construction are best exempli-fied by an analogous situation. C, a creditor, has a first lien on personal property of D (a debtor), who is known to C to be an honorable but poor man with a probability of extensive inheritance. The Government levies a subsequent tax lien on D's personal property and sells the same, subject to the prior lien of C, at public sale to H, an habitual criminal, who, having secured possession by virtue of the Government's sale, absconds with the property. The Government insists that they, having sold the property subject to the first lien, have not damaged the security of C, the prior lien holder. Any practical businessman knows that a large part of the security offered by a security interest in personalty is the responsibility of the holder of the property. To deprive a prior lien holder on personalty of the security of the honor of the debtor is, in this Court's judgment, a wrongful levy.

■ The term "taxpayer's property", when applied to property subject to a lien, is ambiguous. That phrase is used in the House and Senate reports but is not used in the statute.[1] It may be that, as insisted by the Government, what Congress intended was that, if the taxpayer owns any interest in the property, a third party may not complain if the Government's tax levy destroys or infringes the third party's prior lien. However, the statute itself proscribes the taxpayer's bringing the suit but does not limit the right to any person other

[1] This leads to another departure of this Court from the Government's theory. The courts relied upon by the Government attempt to construe a statute contrary to the natural import of the language of the statute. Legislative history cannot be resorted to for the purpose of construing a statute contrary to the natural import of its terms. Interstate Natural Gas Co. v. Federal Power Com., 5 Cir., 156 F.2d 949, affm'd. 331 U.S. 682, 67 S.Ct. 1482, 91 L.Ed. 1742; Jones v. Liberty Glass Co., 10 Cir., 159 F.2d 316, reversed on other grounds, 332 U.S. 524, 68 S.Ct. 229, 92 L.Ed. 142; Federal Sav. & Loan Ins. Corp. v. Grand Forks Bldg. & Loan Assn., D.C., 85 F.Supp. 248. If the statutory language is clear, its legislative history may not be relied upon for construc-tion. Ex parte Collett, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207; Peoples Natural Gas Co. v. Federal Power Com., 75 U.S.App.D.C. 235, 127 F.2d 153, cert. den. 316 U.S. 700, 62 S.Ct. 1298, 86 L.Ed. 1769; Ohio Power Co. v. N.L.R.B., 6 Cir., 176 F.2d 385, cert. den. 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553. The statute requires only two things: First, that the claimant have an interest in the property and, second, that the property was wrongfully levied upon by the Government. No obscure or secretive meaning or limitation is implied by the term "wrongfully levied". The natural import of the language includes any wrongful levy, and there is no phrase therein which can be conceived to limit wrongful levies to those levies on property not owned by the taxpayer.

than the taxpayer. It, therefore, seems more logical, as recognized in Citizens Bank & Trust Co. of Md. v. United States, supra, that Congress intended that a party claiming a lien on property is a party owning the property to the extent of his lien and, to the extent of the lien, the property is not the taxpayer's and, therefore, such property, to the extent of the lien, is subject to suit under 26 U.S.C. § 7426(a). Conversely, if a taxpayer owns a lien, his lien on a third person's property is the taxpayer's property and is subject to levy for payment of his taxes.

To this Court it appears that, to allow the Government to seize property from a taxpayer by levy of a tax lien where the property is subject to an equity or a prior lien of an innocent party without providing a remedy therefor, is to provide that the lienee's property interest in property in the possession of a taxpayer claiming some interest therein may be seized to pay the taxpayer's tax without court action and without liability by the Government to that person whose equity interest in the taxpayer's property is seized. The Government insists that the statute must be construed so as to allow the Government to seize any lien holder's interest in the possession of a delinquent taxpayer. The Government further insists that such a seizure may be effected without notice to the lien holder, without an opportunity to be heard and, in effect, without due process of law. The Government apparently argues that the statute should be construed to deprive the lien holder of his right to petition for redress of his grievances. A construction of § 7426 in cases where the facts are such as they are in the instant case (as distinguished from the *Western Bank* case where the claimant owned no lien interest in the property) would provide that the Government could take property of a private individual without due process of law and without redress of grievances thereunto pertaining. The First and Fifth Amendments proscribe such takings.

While this Court cannot quarrel with the results had in the *Western Bank* case, an application of language taken therefrom out of context to the facts of this case, such as is insisted upon herein by the Government, would be an unconstitutional application of § 7426 in this Court's judgment.

■ The Bill of Rights must be construed as providing a remedy to an individual against infringement by the Government as well as by all others. Indeed, private rights are far more susceptible to interference from a government than from other private individuals, and a laxity in protection from government encroachment cannot be tolerated. Historically, the right of official immunity (here claimed by the Government) was based upon the theory that the Government (the king) could do no wrong, and the primary purpose of the Bill of Rights was to insure to the people protection of those rights enumerated in those first ten amendments against encroachment by the Government. Congress, irrespective of its intent, has no right to infringe those rights, and no statute should be construed to infringe the constitution if a constitutional construction is consistent with the words of the statute. Eddy v. Prudence Bonds Corp., 2 Cir., 165 F.2d 157, cert. den. 333 U.S. 845, 68 S.Ct. 664, 92 L.Ed. 1128; Wier v. Texas Co., 5 Cir., 180 F.2d 465; Universal Winding Co. v. Gibbs Mach. Co., D.C., 179 F.Supp. 394.

■ This Court is of the opinion that the Government's levy on property of the Plaintiff (viz: Plaintiff's security interest in the personal property of the taxpayer) constitutes a "wrongful levy", that the Plaintiff claims an "interest in or lien on such property," and that, therefore, the Plaintiff has standing to maintain this suit under 26 U.S. C. § 7426. As stated in Citizens Bank & Trust Co. of Md. v. United States, supra, 344 F.Supp. at 869:

"Were the statute to be otherwise construed, the plaintiff would be without

recourse, and the government could with impunity wipe out superior liens of innocent third parties by levy procedures. I cannot believe that Congress intended this remedial statute to have the narrow meaning ascribed to it by the government, insofar as the word 'wrongful' is concerned."

Further indication of the wrongfulness of the levy is the fact that Government agents, in seizing the property, violated both the criminal and the civil law of Alabama in making the levy. Code of Alabama, Title 14, § 363, in pertinent part, is as follows:

"Any person who removes or sells any personal property for the purpose of hindering, delaying, or defrauding any person who has a claim thereto, under any written instrument * * * or any other lawful or valid claim, * * * with a knowledge of the existence thereof * * * or who, with like intent * * * receives * * * any such property, with knowledge of the existence of any such claim, shall, on conviction, be punished as if he had stolen the same."

Code of Alabama, Title 33, § 2, provides that an inferior lienor has a right:

"1. To redeem the property in the same manner as its owner might, from the superior lien; and, 2. To be subrogated to all the benefits of the superior lien, when necessary for the protection of his interests, upon satisfying the claim secured thereby."

The complaint contains allegations of a wrongful levy by the Government on property to which Plaintiff had a claim under a written instrument. Under the allegations of the complaint, Plaintiff may prove facts justifying recovery by the Plaintiff. The motion to dismiss should, therefore, be denied. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L. Ed.2d 80. Accordingly, it is the

Order, judgment and decree of this Court that Defendant's motion to dismiss filed herein March 25, 1974, be, and the same is hereby denied.