589 F.2d 1298
 79-1 USTC P 9101
 The NATIONAL BANK AND TRUST COMPANY OF SOUTH BEND, Plaintiff-Appellant,
v.
The UNITED STATES of America, Raymond J. Norris, Thomas J.
Smith, Ralph W. Van Natta, Robert L. Acrey, and
Valley Bank and Trust, Defendants-Appellees.
 No. 78-1232.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 25, 1978.
Decided Dec. 1, 1978.
 
 Paul A. Murphy, South Bend, Ind., for plaintiff-appellant.
 Marilyn E. Brookens, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.
 Before FAIRCHILD, Chief Judge, WISDOM, Senior Circuit Judge,* and PELL, Circuit Judge.
 FAIRCHILD, Chief Judge.
 
 
 1
 This is an appeal from a judgment for the defendant United States in a wrongful levy action brought under 26 U.S.C. § 7426(a)(1) and from the dismissal of the pendent claims against the other defendants in the action.
 
 
 2
 The facts are as follows: National Bank and Trust Company of South Bend ("the Bank"), plaintiff below and appellant here, advanced to Thomas Smith $2,700 with which to purchase a 1974 Chevrolet van truck. Smith executed an installment note and granted the Bank a security interest in the van. The certificate of title issued by the Indiana Bureau of Motor Vehicles listed Smith as the owner and the Bank as the first lienholder of the van.
 
 
 3
 Thereafter the Internal Revenue Service (IRS) made an assessment of unpaid taxes against Smith and filed notices of a tax lien. After unsuccessful efforts at collection, the IRS seized the van. In accordance with 26 U.S.C. § 6335, it gave notice of the seizure to Smith, and posted notice of sale at two locations in South Bend and in a South Bend newspaper. These notices offered for sale "only the right, title, and interest of Thomas J. Smith/Re Mod Construction" and correctly described the van except for the model year, which was incorrectly listed as 1970. The van was sold by sealed bid for $1,000 to Raymond Norris, and the IRS issued to Norris a certificate of sale. This certificate stated that "all right, title and interest of the taxpayer shown (Thomas J. Smith d/b/a Re Mod Construction) in and to the property described" was transferred to Norris. On the basis of this certificate and in accordance with 26 U.S.C. § 6339(a)(5),[1] the Indiana Bureau of Motor Vehicles issued a certificate of title to Norris. Neither the application nor the certificate of title showed any lienholder.
 
 
 4
 Norris subsequently sold the van for $2,500 to Bobby Acrey, who applied for and was issued a certificate of title by the Indiana Bureau of Motor Vehicles. This certificate of title showed Valley Bank and Trust Company as the first lienholder. The prior lien of National Bank and Trust was not shown on the certificate.
 
 
 5
 National Bank and Trust filed a wrongful levy action against the United States under 26 U.S.C. § 7426(a)(1). Also named as defendants were Norris, Smith, and Ralph Van Natta, Commissioner of the Indiana Bureau of Motor Vehicles. Defendants Acrey and Valley Bank and Trust Company were subsequently added by amended complaint. The Bank filed a motion for summary judgment, and all the defendants except Norris filed cross-motions for summary judgment. The district court granted the cross-motion of the defendant United States, finding that the IRS had no duty to give notice of the tax sale in writing to the Bank and that the mis-description of the van in the notices as a 1970 model was not a substantial defect which would invalidate the sale. The court also found no violation of the Bank's due process rights; it noted the power of the IRS to seize property for the collection of revenues and stated there was no taking of the Bank's property since its interest as a senior lienholder was unaffected by the seizure and sale. Finding no remaining federal question or constitutional claim, the court concluded the remaining claims would be more properly resolved in a state court and accordingly dismissed the claims against the other five defendants.
 
 
 6
 On appeal, the Bank asserts that a wrongful levy occurred through the operation of § 6339(a)(5), which by voiding the prior certificate of title also automatically destroyed the Bank's lien that is, the certificate of sale issued to Norris resulted in the sale to him of all interest in the van, including the Bank's security interest, not just the taxpayer's (Smith's) interest. This result, it alleges, violated its due process rights because proper notice was not given before its property was taken. The Bank asserts that the rights of an innocent third party are entitled to more protection than those of a delinquent taxpayer, and that the giving of proper notice to interested parties can be accomplished without an excessive additional administrative burden. The Bank also argues that the district court abused its discretion in dismissing the pendent claims.
 
 
 7
 The government as appellee argues that the Bank is not entitled to relief either on the basis of a wrongful levy/due process violation, or on the basis of a statutory right to written notice as the owner of the van under § 6335. The government argues that there was no wrongful levy because nothing was seized and sold but the taxpayer's interest; thus, since no interest of the Bank was taken by the government, no basis for a due process challenge by the Bank exists. The government concludes, therefore, that the district court lacked jurisdiction.
 
 
 8
 In addition, the government argues that the Bank was not an owner of the van but a lienholder; thus, it was not entitled by statute to notice beyond publication. The government maintains that the notice given was sufficient in spite of the model year error. While admitting that the Bank's interest as a lienholder may have been seriously impaired, the government argues that any impairment was not the result of the issuance by the IRS of the certificate of sale, but instead was the result of the issuance of a lien-free certificate of title by the Indiana Bureau of Motor Vehicles. The government states that the Bank's construction of § 6339(a)(5) would impute an unconstitutional intent to Congress and is inconsistent with the case law, statutes, and treasury regulations.
 
 
 9
 We hold at the outset that the allegations made by the Bank properly invoked jurisdiction of the claim against the United States under 26 U.S.C. § 7426(a) (1). The Bank alleges that its perfected security interest was effectively destroyed by the seizure and sale of the van by the IRS under §§ 6331-6339 and particularly through the operation of § 6339(a)(5). The government admits that if a seizure and sale does in effect destroy or irreparably injure an interest in property, that result is a proper basis for a wrongful levy action. This principle is embodied in the Internal Revenue regulations. Treas.Reg. § 301.7426-1(b)(1)(D ).[2] Whether a wrongful levy actually occurred in this case is, of course, a separate question from the propriety of jurisdiction.
 
 
 10
 The Bank states that the basic issue on appeal is the constitutional adequacy of the notice it received of the seizure and sale. We cannot agree. Before the notice issue is reached, there must be a finding that the Bank was an owner of the van and thus entitled by statute to written notice, or that an interest of the Bank was taken by the IRS. The determination of whether an interest of the Bank was taken rests ultimately on a determination of the proper construction of § 6339(a)(5).
 
 
 11
 We conclude first that the Bank was not an owner of the van under Indiana law. The Supreme Court has stated that the federal tax lien law defines federal consequences to rights created by state law; it is thus necessary to look at state law to determine the property interests involved. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). See also Crow v. Wyoming Timber Products, 424 F.2d 93 (10th Cir. 1970).
 
 
 12
 The Indiana statutes define the owner of a motor vehicle as a person who holds the legal title, or a conditional vendee or lessee or mortgagor with an immediate right of possession. Ind.Code Ann. § 9-1-1-2. This definition is made applicable to chapters 1 through 4 of title 9, which cover, among other things, the requirements for issuance and transfer of certificates of title. The definition is therefore appropriate in the present situation and it compels the conclusion that the interest of the Bank is that of the holder/owner of the Lien, not the van. Therefore, the Bank had no statutory right to written notice of the seizure and sale under § 6335. Furthermore, seizure of the van was not by itself a taking of the Bank's property. It is the impact of the seizure and sale on the Bank's interest as lienholder that we must consider in determining if there was a wrongful levy. Only if that interest is taken or destroyed by virtue of § 6339(a)(5) do we reach the due process implications of the notice given.[3]
 
 
 13
 As early as 1890, the Supreme Court recognized that a certificate issued at a tax sale transferred only the interest of the delinquent taxpayer:
 
 
 14
 "If Congress intended to invest the collector with authority to sell, by the summary process of notice and publication, the interest of any other person than the delinquent distiller, the statute would have prescribed a certificate that would pass the interest of such person in the property sold. The provision that the certificate of purchase shall pass the interest of the delinquent in the property sold by the collector excludes, by necessary implication, the interest of any other person."
 
 
 15
 Mansfield v. Excelsior Refining Co., 135 U.S. 326, 340, 10 S.Ct. 825, 830, 34 L.Ed. 162 (1890), Quoted in Blacklock v. United States, 208 U.S. 75, 28 S.Ct. 228, 52 L.Ed. 396 (1908). This principle is still recognized today. See e. g., United States v. Sage, 566 F.2d 1114, 1115 (9th Cir. 1977).
 
 
 16
 This long-standing principle must be kept in mind in a determination of the proper construction of § 6339(a)(5). In addition, § 6339(a)(5) is a corollary to § 6339(a)(2) and the two provisions should be construed consistently if possible. Section 6339(a)(2) states that the certificate of sale for personal property transfers "all right, title, and interest of the party delinquent in and to the property sold." This provision is followed by the word "and" and several provisions relating to the specific types of property. Thus, when subsection (5) refers to "such transfer," its reference is to subsection (2) I. e., the transfer of only the taxpayer's interest. In addition, the authority granted by § 6339(a)(5) is to record the transfer "as if the certificate of title . . . were transferred or assigned by the party holding the same." The stated intent of § 6339(a)(5) was to "keep the public records of title to motor vehicles in proper order." H.Rep. No. 1337 (1954) U.S.Code Cong. & Admin.News, pp. 4017, 4559 (83d Cong., 2d Sess.). Section 6339(a)(5) does alter the Indiana statutory scheme for transfer of title by eliminating the requirement that applications for new title and transfers of title be accompanied by the previous certificate of title. Ind.Stat.Ann. §§ 9-1-2-1, 9-1-2-2. However, the language of § 6339(a)(5) quoted above, especially when construed in conjunction with the accepted effect of a tax sale previously discussed and the stated legislative intent, manifest an intent to supersede state law through operation of the supremacy clause only as far as necessary to transfer the taxpayer's interest in the property. To construe the section as authorizing the destruction of a lienholder's interest is clearly beyond this intent.
 
 
 17
 Our construction of § 6339(a)(5) is consistent with § 6331(a); the regulations, Treas.Reg. § 301.6335-1(c)(4)(iii), and the printed matter on the notice of sale, Treas. Form 2434-A, and the certificate of sale, Treas. Form 2435. All of the above refer to the subject of the levy and sale as the right, title, and interest of the taxpayer. The regulations and notice of sale state specifically Only that right, title, and interest is offered for sale.
 
 
 18
 We thus conclude that the Bank's construction would impute to Congress an intent clearly not present in comparable provisions of the tax law, and we hold that construction incorrect. The authority granted under § 6339(a)(5) is to record the transfer of the taxpayer's interest in the vehicle and to void the prior certificate showing the taxpayer's interest, not to void any lien showing on the prior certificate. The latter would be an intrusion into property rights that is neither necessary under the tax sale procedure, nor consistent with prior construction of similar statutes or the government's intention as stated in the regulations, notices, and certificate of sale.
 
 
 19
 This construction of § 6339(a)(5) is further supported by contrasting the levy procedures of § 6331 Et seq. with the judicial proceeding authorized under 26 U.S.C. § 7403. Under § 7403, the district court is expressly empowered to finally determine all claims to the property involved, I. e., the interests involved extend beyond those of the taxpayer. In these circumstances Congress has recognized a need for protection of third-party interests and has required that all persons with liens on or claims of interest in the property be made parties to the action. 26 U.S.C. § 7403(b). The absence of a similar requirement under the levy procedures implies that no disturbance of third-party interests was intended.
 
 
 20
 We further conclude that the actions of the IRS in this situation did not in effect destroy or irreparably injure the Bank's interest in the van.[4] We have concluded that the authority granted by § 6339(a)(5) is limited to the voiding of the prior certificate of title and recording of the transfer as to the taxpayer's interest in the property. There is no assertion that the IRS actions were in any way inconsistent with this construction, I. e., that any representation was made that any interest other than the taxpayer's was involved. Thus for a wrongful levy to have occurred, some unusual circumstances, comparable to those which existed or were of concern in prior cases where wrongful levy actions were held proper, would have to exist here. For example, in Citizens Bank & Trust of Md. v. United States, 344 F.Supp. 866 (D.Md.1972), money in the taxpayer's bank account was levied on and paid out to the government, leaving nothing for the lienholder. In Little River Farms, Inc. v. United States, 328 F.Supp. 476 (N.D.Ga.1971), the plaintiff was a judgment creditor whose interest was therefore not in a specific piece of property and who would have had to follow numerous items of personalty in separate actions. And in Ala. Exchange Bank v. United States, 373 F.Supp. 1221 (M.D.Ala.1974), the court seemed concerned with the consequences of extreme situations such as sale of the property to a habitual criminal who would not be a realistic source of collection. We note that the decision in Ala. Exchange Bank was a denial of a motion to dismiss; the plaintiff would still be required to prove its allegation of wrongful levy.
 
 
 21
 These situations can be contrasted with the circumstances in Pargament v. Fitzgerald, 272 F.Supp. 553 (S.D.N.Y.1967), where the plaintiff was the holder of a purchase money mortgage on plant and fixtures which were seized and sold at a tax sale. The court disallowed the wrongful levy claim, noting that the senior mortgage was unaffected by the tax sale and that the plaintiff, who had actual notice of and a representative present at the sale, had neglected to protect its own interests.
 
 
 22
 We find no circumstances here which support a conclusion that the Bank's interest in the van was in practical effect destroyed by the issuance of a certificate of sale by the IRS. The van continued to exist as a source of collection after the sale. Although the failure of the Bank to appear as lienholder on the certificate of title issued to Norris was the cause of the impairment of its interest, this result was not mandated by the provisions of § 6339(a)(5). In addition, under Indiana case law a certificate of title is only evidence, not conclusive proof, of actual title, and a bank which complied with the statutory requirements for recording liens has been allowed to recover a vehicle from an innocent subsequent purchaser. Central Finance Co. of Peru, Inc. v. Garber, 121 Ind.App. 27, 97 N.E.2d 503 (1951). See also United States v. City of New York, 233 F.2d 307, 310 (2d Cir. 1956) (federal statutory provision as to interest conveyed at tax sale takes precedence over erroneous recitation of same in deed). Finally, under Ind.Stat.Ann. § 9-1-2-1, the Bureau of Motor Vehicles is required to use "reasonable diligence" in determining the truth of the facts contained in an application for a certificate of title.[5]
 
 
 23
 Since the interest of the Bank was neither taken nor destroyed by the IRS issuance of a certificate of sale, we do not reach any question of the adequacy of notice to the Bank in the context of due process requirements. See Herndon v. United States, 501 F.2d 1219, 1220, n. 4 (8th Cir. 1974) (wife's homestead interest not conveyed by tax sale of property held in husband's name only; thus, no violation of due process rights). Notice by publication was all that was required under § 6334(b), and the model year error was not a defect which harmed the Bank's interest as lienholder.
 
 
 24
 Finally, we hold that the dismissal of the claims against the five defendants other than the United States was proper. The Bank summarizes its claims against these defendants as follows:
 
 
 25
 (1) Against Smith, for default on the contract with the Bank;
 
 
 26
 (2) Against Norris, on the basis that he purchased no more than the taxpayer's interest and had constructive notice of the Bank's interest because of the original certificate of title;
 
 
 27
 (3) Against Acrey, on the basis that he purchased only the taxpayer's interest and had constructive notice of the Bank's interest because § 6339(a)(5) is unconstitutional, and the tax sale was void and thus Norris had nothing to sell;
 
 
 28
 (4) Against Van Natta, on the basis that the federal statute under which he acted is unconstitutional and he acted beyond the scope of his authority;
 
 
 29
 (5) Against Valley Bank and Trust, on the basis that it could not acquire an interest in the van greater than of its debtor Acrey, and it had constructive notice of the Bank's interest since § 6339(a)(5) is unconstitutional.
 
 
 30
 Appellant's Brief at 21-22.
 
 
 31
 The district court dismissed these claims under the guidelines provided for the discretionary exercise of pendent jurisdiction under United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 
 
 32
 The parties have devoted their arguments here to the propriety of that exercise of discretion. We have no doubt that the court did not abuse its discretion under the Gibbs guidelines.
 
 
 33
 We do note that the so-called pendent state claims ran against parties other than the United States the only defendant specified in 26 U.S.C. § 7426. Where that is true, pendent or ancillary jurisdiction cannot be found without further inquiry into the intent of Congress in conferring jurisdiction of the federal claim. See Aldinger v. Howard, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); Owen Equipment & Erection Co. v. Kroger, --- U.S. ----, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). The parties have not argued the impact of Aldinger And Owen on the question of jurisdiction of the state law claims in this case. In the posture of the case, we need not consider such impact.
 
 
 34
 The judgment is AFFIRMED.
 
 
 
 *
 Senior Circuit Judge John M. Wisdom of the United States Court of Appeals for the Fifth Circuit is sitting by designation
 
 
 [1]
 Section 6339(a) Certificate of Sale of Property Other Than Real Property. In all cases of sale pursuant to section 6335 of property (other than real property), the certificate of such sale
 (2) As conveyances. Shall transfer to the purchaser all right, title, and interest of the party delinquent in and to the property sold; and
 (5) As authority for transfer of title to motor vehicle. If such property consists of a motor vehicle, shall be notice, when received, to any public official charged with the registration of title to motor vehicles, of such transfer and shall be authority to such official to record the transfer on his books and records in the same manner as if the certificate of title to such motor vehicle were transferred or assigned by the party holding the same, in lieu of any original or prior certificate, which shall be void, whether canceled or not.
 
 
 [2]
 The stated purpose of § 7426(a)(1) was to provide a remedy, via suit against the government, when the property levied on and sold is other than the taxpayer's. S.Rep. No. 1708 (1966) U.S.Code Cong. & Admin.News, pp. 3722, 3751-52 (89th Cong., 2d Sess.). The regulations are not inconsistent with this objective; if the interest of a person other than the taxpayer is in effect destroyed by the proceeding, the result is the same as if that person's interest were actually taken. Thus, such a situation is entitled to the protection of § 7426(a)
 
 
 [3]
 In Ala. Exchange Bank v. United States, 373 F.Supp. 1221 (M.D.Ala.1974), the court characterized the lienholder as the owner of the property involved to the extent of its lien and thus allowed the lienholder to sue for wrongful levy. The definition we choose does not strain the state law concepts of ownership or accepted principles of tax sales, but still allows consideration of the merits of a wrongful levy claim under the effective destruction rationale
 
 
 [4]
 Treas.Reg. § 301.7426-1(b)(1)(D ) lists the following as factors to be considered in this determination: nature of the property, number of purchasers, value of each item sold, increase in costs of collection, and percentage of property available for payment sold at the tax sale
 
 
 [5]
 Admittedly the Bank's options for collection have been considerably complicated in the course of events. We express no opinion on the cause of any impairment of the Bank's interest beyond our conclusion that it was not a necessary result of the actions of the IRS