In re Toyson J. BURRUSS.

**Ellyn L. BROWN, Maryland Securities Commissioner**

v.

**Roger SCHLOSSBERG and United States of America Internal Revenue Service.**

Bankruptcy No. 83–A–1608.
Civ. No. S 88–857.

United States District Court,
D. Maryland.

June 1, 1988.

Opinion on Grant of
Reconsideration July 8, 1988.

J. Joseph Curran, Jr., Atty. Gen., Peter V. Berns, T. Webster Brenner, Asst. Attys. Gen., Maryland Div. of Securities, Baltimore, Md., for appellant.

Breckinridge L. Willcox, U.S. Atty., Larry D. Adams, Asst. U.S. Atty., Baltimore, Md., Robert L. Gordon, Stuart J. Glick, Attys., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellees U.S.-I.R.S.

Roger Schlossberg, Hagerstown, Md., trustee, pro se.

## MEMORANDUM

SMALKIN, District Judge.

This is an appeal from a decision of Bankruptcy Judge Mannes holding that a declaratory judgment action brought by the appellant was not timely filed. The complaint was filed pursuant to 28 U.S.C. § 2201. In it, appellant Commissioner, solely on behalf of defrauded individual investors (*i.e.*, not asserting any claim on her own behalf), sought to have the Bankruptcy Court impose a constructive trust upon assets of the debtor's estate. Two individual investors are also named plaintiffs. Of course, the trustee in bankruptcy was named as a defendant, and the United States was also named as a defendant, because it asserts a tax lien against assets of the debtor's estate that would defeat the individual investors' claim to those assets unless a constructive trust were imposed. The Bankruptcy Court, applying the three year statute of limitations of Md. Cts. & Jud. Proc. Code Ann. § 5–101 (1984 Repl. Vol.), held the complaint to be time-barred. The issues have been fully briefed, and no oral argument appears necessary. Bankr. Rule 8012.

The Court, after careful review, has concluded that there is no subject-matter jurisdiction over the appellant's claim against the United States. The appellant has pointed to no provision of federal law effectively waiving the United States' im-

munity to suit on this claim.[1]

Because appellant's attempts to characterize this action as one authorized by 28 U.S.C. § 2410 (and as to which sovereign immunity is expressly waived) are devoid of merit, sovereign immunity bars this suit as against the United States. In that the appellant lacks possession of the funds in question, this is not a suit to quiet title under 28 U.S.C. § 2410(a)(1). *Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F.Supp. 991, 994 (D.Md.1982), *aff'd*, 707 F.2d 820 (4th Cir.1983). Because the appellant is not a stakeholder/possessor, but merely a representative of creditor/claimants, this is not an interpleader action (or an action in the nature of interpleader) as to which sovereign immunity is waived by 28 U.S.C. § 2410(a)(5). *See, e.g., Ky. ex rel. U. Pac. I. Co. v. Laurel County*, 805 F.2d 628, 636 (6th Cir.1986), *cert. denied*, —— U.S. ——, 108 S.Ct. 72, 98 L.Ed.2d 36 (1987). If all lawsuits in which conflicting claims to property of a debtor's estate are sought to be resolved were categorized as interpleaders or in the nature of interpleader, this limited remedy would be expanded out of all proportion. Nothing in section 2410(a)(5) suggests such an unwarranted expansion of the interpleader remedy. As noted in 7 C. Wright, A. Miller, and M. Kane, *Federal Practice & Procedure: Civil 2d* § 1721 (1986) at 656, "Section 2410(a) will not apply unless 'a viable interpleader action is filed naming the United States as a party defendant.' In the absence of a bona fide interpleader, the court lacks subject matter jurisdiction." None of the other subsections of Section 2410 furnishes any possible foundation for this suit,[2] and,

thus, this Court is without subject-matter jurisdiction.

Because any court of the United States must dismiss a case that is outside its subject-matter jurisdiction, Fed.R.Civ.P. 12(h)(3), this case must be remanded to the Bankruptcy Judge, with, at a minimum, instructions to dismiss the complaint as against the United States, for lack of subject matter jurisdiction.

Although the Trustee had not raised in the Bankruptcy Court any defense of limitations, and the parties to this appeal dispute whether or not he has thus waived this defense, it is apparent that the Bankruptcy Judge, by directing dismissal of the entire complaint as to all parties but the two individual plaintiffs (Mem.Dec. (Paper No. 28) at 5), held the appellant's action time-barred as against the Trustee, as well as against the United States, applying the statute of limitations found in Md.Cts. & Jud.Proc.Code Ann. § 5–101 (1984 Repl. Vol.). This aspect of the ruling below is troublesome, both because of the question of assertion and/or waiver of the defense by the Trustee and because of the application of a statute of limitations, rather than the doctrine of laches, to a complaint seeking equitable relief. *See, e.g., Saggese v. Saggese*, 15 Md.App. 378, 387–88, 290 A.2d 794, 798–99 (1972) (test of timeliness in equity is doctrine of laches).

It is not necessary, however, to review these matters on appeal, because the dismissal of the United States for the reasons stated above will result in a total want of federal jurisdiction. This is so because, on

---

1. The narrow waiver provisions of 11 U.S.C. § 106 obviously have no application to this case, because the claim is not property of the estate, nor is this an avoidance-powers case. See *Wooten v. United States*, 56 B.R. 227, 230–31 (W.D. La.1985). Certainly, the Declaratory Judgment Act, 28 U.S.C. § 2201, does not embody a waiver of sovereign immunity. See, e.g., *Thomas v. Pierce*, 662 F.Supp. 519, 524 (D.Kan.1987).

2. The cases cited as to Section 2410 by appellant are not apt. For example, in *Citizens Bank & Trust Co. of Maryland v. United States*, 344 F.Supp. 866, 868 (D.Md.1972), the party allowed to interplead the United States under Section 2410(a)(5) was the stakeholder in possession of

the disputed funds. In this case, the Trustee is more than a mere stakeholder, and, in any event, he did not seek to interplead the United States. In *Aqua Bar & Lounge v. U.S. Dept. of the Treasury*, 539 F.2d 935, 937 (3d Cir.1976), the quiet-title plaintiff was the legal title holder to the property in question. In the case now before the Court, the appellant presently holds neither legal nor equitable title to the property. And in *Hudson Cty. Bd. of Chosen Freeholders v. Morales*, 581 F.2d 379 (3d Cir.1978), the quiet-title plaintiff had asserted a claim of legal title, based on its sovereignty, to money seized by local police and in its constructive possession in a bank account.

remand, there will be no adversary case or controversy extant between the plaintiff and the remaining defendant, the Trustee. The Bankruptcy Judge has explicitly and implicitly found (*see* Mem.Dec. (Paper No. 28) at 3), and the parties apparently agree: that the Trustee has taken the "selfless" position that the funds in question are not property of the estate; that he has in fact opposed the claim of the United States to the funds; that he has "join[ed] in the request of the Securities Commissioner"; and that he does not, therefore, oppose the imposition of a constructive trust on the funds or any other relief that would defeat the United States' claim to the funds as an asset of the debtor's estate.

Therefore, there being no adversary contest between the remaining parties (the plaintiffs and the Trustee), there exists no case or controversy within the Article III subject-matter jurisdiction of the federal courts. It is clear that there must be an actual adversary contest between the nominal parties in a declaratory judgment suit under 28 U.S.C. § 2201, or the court is without subject matter jurisdiction. *See, e.g., Graham v. Hill,* 444 F.Supp. 584, 588 (W.D.Tx.1978). The federal courts will not entertain "friendly suits" under the Declaratory Judgment Act. *See, e.g., Guillory v. Administrators of Tulane University of LA,* 203 F.Supp. 855, 864 (E.D.La.1962). Of course, because the two individual plaintiffs are no more adverse vis-a-vis the Trustee than is the appellant, there remains no viable claim to be pressed by them in a declaratory judgment suit.

For the reasons stated, an order will be entered separately, remanding this case to Bankruptcy Judge Mannes, with instructions that an order be entered dismissing the entire complaint for lack of federal subject-matter jurisdiction.

## MEMORANDUM OPINION ON MOTION FOR RECONSIDERATION

■ The Court has before it the Motion for Reconsideration and Amendment or Clarification filed by the appellant herein, directed towards this Court's Memorandum Opinion of June 1, 1988. The appellant seeks reconsideration on the ground that there is a sufficient justiciable controversy remaining between the trustee in bankruptcy and the appellant to satisfy the jurisdictional requirements of Article III, U.S. Constitution.

The Court, albeit with some reluctance, finds itself compelled to conclude that the trustee's peculiar position as guardian of the assets of the debtor's estate is sufficient to create a justiciable case or controversy, even though the trustee has taken a position that is in legal and philosophical agreement with that of the appellant. There is a sufficient justiciable controversy if for no other reason than that the trustee could be accused of breach of his fiduciary duty towards the estate if he acts without a judgment or order of court approving his actions, should he distribute funds as a constructive trustee in the circumstances of this case. *See Matter of Johnson,* 55 B.R. 800, 802–03 (E.D.Va.1985). Therefore, even if there is no traditional adversary contest as between the trustee and the appellant, there is a sufficient case or controversy to warrant the exercise of Article III jurisdiction over the matter until a judgment is entered ordering the trustee to act in accordance therewith or until the suit for constructive trust is otherwise terminated.

Thus, this case must be remanded to the Bankruptcy Court for further consideration of the claims asserted by the appellant as against the trustee for declaration of a constructive trust. On remand, the Bankruptcy Court should consider whether the case is barred by laches, for the reasons stated in this Court's Memorandum Opinion of June 1, 1988.

Accordingly, an Order will be entered separately, granting reconsideration of this Court's June 1, 1988 Order and remanding this case, as against the bankruptcy trustee only, to the jurisdiction of the Bankruptcy Court for further proceedings in accordance with this opinion and the Court's opinion of June 1, 1988.